# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Line One Laboratories Inc. (USA), a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>Wingpow International Limited, etc. et al.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 2:22-CV-02401-FMO-E<br><br>Hon. Fernando M. Olguin<br><br>**STIPULATED PROTECTIVE ORDER** |

**1.  INTRODUCTION**

1.1. <u>Purposes and Limitations.</u>  Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to, and petition the Court to enter, the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

1.2. <u>Good Cause Statement.</u>  During the course of this litigation, the parties will most likely provide informally for purposes of settlement discussion or otherwise or produce during discovery trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information that warrants special protection from public disclosures and from use for any purpose other than the litigation or settlement of this action.  Such confidential and proprietary materials and information include, among other things, confidential business or financial information, information regarding confidential business practices of the parties or third parties, or other confidential research, development, or commercial information (including information implicating the privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  The parties stipulate that disclosure of this information would cause competitive harm to the parties.  For example, the parties believe that competitors will gain an unfair advantage if they learn the parties' Protected Material, such as financial information, accounting information, customer lists, vendor lists, costs or profit structure, sales information, product lines, business and marketing strategy or information about operations.  Accordingly, to expedite the

-2-
STIPULATED PROTECTIVE ORDER

flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as Protected Material for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     DEFINITIONS**

    2.1.   <u>Action</u>:  the above-captioned action, *Line One Laboratories Inc. (USA), etc. et al., v. Wingpow International Limited*, etc. et al., Case No. 2:22-cv-02401-FMO-E.

    2.2.   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3.   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection as specified above in the Good Cause Statement.

    2.4.   <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Such information shall be limited to (i) documents, things, or information that the Designating Party in good faith believes comprise or reflect trade secrets (as defined in California Civil Code § 3426.1(d)), and (ii) extremely sensitive confidential and proprietary research, development, technical, business or commercial information, the disclosure of which to a Receiving Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, and may include the following types of information:

        a.     highly sensitive technical information, including technical

analyses concerning present products, anticipated products, or products in development or technical comparisons of competitors' products or services that would tend to permit the Receiving Party to gain an unfair competitive advantage over the Producing Party;

  b. highly sensitive business information, including non-public financial and marketing strategies, analyses, and strategic product/service expansion plans that would tend to permit the Receiving Party to gain an unfair competitive advantage over the Producing Party; and

  c. highly sensitive business and confidential information of Non-Parties and unredacted personally identifiable information ("PII"), except for the last four digits, of all Parties such as birth dates, social security, and driver's license numbers, and financial account numbers protected from disclosure under all applicable data privacy laws.

For the avoidance of doubt, any materials or information that were or would have been available to the Receiving Party in the ordinary course of the Parties' prior business relationship, until the termination of that relationship, shall not be marked as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  2.5. <u>Counsel:</u> Outside Counsel of Record (as well as their support staff).

  2.6. <u>Designating Party:</u> a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  2.7. <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

  2.8. <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

expert witness or as a consultant in this Action.

2.9. <u>House Counsel</u>: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are employed with a law firm that has appeared on behalf of that Party, including support staff of all of the foregoing.

2.11. <u>Party</u>:  any party named in this Action, including all of its officers, directors, employees, and/or consultants.

2.12. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.13. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, reviewing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

3.1    <u>Derivative Information</u>.  The protections conferred by this Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

presentations by Parties or their Counsel that might reveal Protected Material.

       3.2    <u>Use in Court.</u>  Any use of Protected Material at a hearing or trial shall be governed by the orders of the hearing or trial judge. This Order does not govern the use of Protected Material at hearings or trial.

**4.    DURATION**

       4.1    <u>Final Disposition.</u>  Even after the Final Disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

       5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. For any materials or information that a Producing Party designates as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party shall, to the extent it is feasible, based on such factors as the volume of the material to be redacted and the timing of a particular production, also produce a copy of the same information, designated as "CONFIDENTIAL" and redacting the portions of the material or information that the Producing Party asserts as "CONFIDENTIAL –

ATTORNEYS' EYES ONLY." However, in the event producing redacted portions of the material or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" becomes unreasonably burdensome, Parties will confer with one another in good faith to reach a workable resolution.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or any item that it designated for protection does not qualify for protection (unless the designation at issue is disputed), that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2. <u>Manner of Designations.</u> Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

 a. For information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

 b. For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

 c. A Party or Non-Party that makes original documents available for

inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

      d.    For testimony given in depositions, unless all Parties to a deposition (including the Non-Party being deposed) agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Protected Material until the expiration of the following: No later than fourteen (14) days after the transcript is delivered to any Party or witness and in no event later than sixty (60) days after the testimony was given. Within this time period, a Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated as Protected Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. Pursuant to Section 5.3., below, the inadvertent failure serve a timely Notice of Designation shall not, standing alone, waive a Party's right to designate as Protected Material any portion of the testimony taken in a deposition.

      5.3.    <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.    <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq*.

6.3.    <u>Joint Stipulation.</u>  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4.    <u>Burden of Persuasion.</u>  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

7.1    <u>Sealed Filings.</u>  The parties acknowledge that this Order does not entitle them to file Protected Material under seal. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5, *et seq*. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors*

-9-
STIPULATED PROTECTIVE ORDER

*Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. Thus, a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a Party seeks to file under seal.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party shall follow the procedures set out in Local Rule 79-5.2.2.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1.    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action reaches a Final Disposition, a Receiving Party must comply with the provisions of Paragraph 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2. <u>Authorized Recipients.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a. the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of prosecuting or defending this Action;

    b. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A (the "Acknowledgment");

    c. insurance companies that have a material interest in this Action;

    d. the Court and its personnel;

    e. court reporters and their staff;

    f. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action who have signed the Acknowledgment;

    g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    h. during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the Acknowledgment; and (2) they will not be permitted to keep any Protected Material unless they sign the Acknowledgment, unless otherwise agreed by the Designating Party or

ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

      i.    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

      j.    up to three officers, directors, and employees (including House Counsel) of the Receiving Party to whom is reasonably necessary for purposes of prosecuting or defending this Action; and

      k.    any other person to whom the Designating Party agrees in writing or on the record at a deposition or hearing.

    8.3.    <u>Disclosure.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Confidential Information or Items designated CONFIDENTIAL – ATTORNEYS' EYES ONLY may only be disclosed to those persons described in paragraph 8.2., subparagraphs a. through i., and k.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

    9.1    <u>Third Party Subpoenas.</u>  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

      a.    promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

      b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification must include a copy of this Order; and

   c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  9.2 <u>Subpoena Disputes.</u>  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination on the protective order request by the relevant court unless the Party has obtained the Designating Party's permission in writing.  The Designating Party bears the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

  10.1 <u>Confidential Information of a Non-Party.</u>  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  10.2 <u>Non-Party Challenges.</u>  If a Non-Party timely seeks a protective order within fourteen (14) days of receiving notice of a Party's production, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a ruling on the protective-order request.  Absent a court order to the contrary, the Non-Party must bear the burden and expense of seeking protection of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL

  11.1 <u>Disclosure to Unauthorized Persons.</u>  If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any

circumstance not authorized under this Protective Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the Acknowledgment.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

12.1. <u>Intent.</u> The provisions of this Section 12 are intended to implement Rule 502(d) of the Federal Rules of Evidence and are to be read in conjunction with Federal Rule of Civil Procedure 26(b)(5)(B).

12.2. <u>No Waiver.</u> If a Producing Party discloses information in connection with this Action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection (collectively, "Privileged Information"), the mere disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

12.3. <u>Procedure.</u> Upon discovering the disclosure of Privileged Information, a Producing Party must promptly notify the Receiving Party, in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure. Upon receipt of such notice, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 12.4, below—promptly (i) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Privileged Information. Within five (5) business days following the Receiving Party's receipt of the notice, the Producing Party must explain to the Receiving Party as

specifically as possible the basis for asserting privilege.

12.4. <u>Challenging Privilege.</u>  If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party may move the Court for an order determining that the Privileged Information is not, in fact, privileged.  In connection with any such motion, the parties must comply with the provisions of Local Rule 37.  Pending resolution of any such motion, the Receiving Party shall not use the challenged information in any way, including in submission(s) to the Court, or disclose it to any person other than those required by law.

12.5. <u>Ethical Obligations.</u>  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

12.6. <u>Burden.</u>  The Producing Party retains the burden—upon challenge pursuant to subparagraph 12.4—of establishing the privileged or protected nature of the Privileged Information

12.7. <u>In Camera Review.</u>  Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information; provided, however, that the petition must be made on the basis of non-privileged information (such as a privilege log or related non-privileged material) and Privileged Information shall not be submitted to the Court unless and until an order for *in camera* production is made.

12.8. <u>Voluntary Waiver.</u>  This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule 502(a) apply when the Producing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

**13. MISCELLANEOUS**

13.1. <u>Right to Further Relief.</u>  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2.  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**14.  FINAL DISPOSITION**

14.1  Return of Protected Material.  This Protective Order shall continue to be binding after Final Disposition of this Action as provided in Paragraph 4 above (DURATION), except that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Order.  Within 60 days after the Final Disposition of this Action, all Protected Material, including copies, shall be returned to the Party who previously produced the document, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to the destruction of the document to the extent practical in lieu of return; or (3) as to documents bearing the notations, summations or other mental impressions of the Receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so. Outside Counsel and insurance companies with a material interest in this Action (including claim managers) for any Party shall be entitled to retain court papers, deposition and trial transcripts and exhibits, and attorney work product (including discovery information containing Protected Material); provided, however, that each insurance company's employees, and defendant's Outside Counsel, and employees of such Outside Counsel shall not disclose the portions of court papers, depositions transcript, exhibits or attorney-work product containing Protected Material to any person except pursuant to a court order or agreement with the Designating Party or Non-Party that produced the Protected Material. This provision does not apply to the Court or its staff.

/ / /

## 15. SANCTIONS

Any willful violation of this Protective Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities or other appropriate action at the discretion of the Court.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 11/30/2022

/s/ Charles F. Eick
HONORABLE CHARLES F. EICK
United States Magistrate Judge

**EXHIBIT A – ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I,_____, of _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Protective Order") that was issued by the United State District Court for the Central District of California on _____, 2022 in the matter of *Line One Laboratories Inc. (USA), etc. et al., v. Wingpow International Limited*, etc. et al., Case No. 2:22-cv-02401-FMO-E. I agree to comply with and be bound by all terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after the termination of this Action.

Date: _____

City and State where sworn and signed:_____

Printed Name:_____

Signature:

-18-
STIPULATED PROTECTIVE ORDER