DAVID M. PERNINI (*pro hac vice*)
dpernini@wfslaw.com
JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wfslaw.com
BRANDON R. PARRISH (*pro hac vice*)
bparrish@wfslaw.com
WARGO, FRENCH & SINGER LLP
601 S. Figueroa St., Suite 4625
Los Angeles, CA 90017
Tel: (310) 853-6300 | Fax: (310) 853-6333

Attorneys for Defendant/Counterclaimant Wingpow International Limited

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Line One Laboratories Inc. (USA), a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Wingpow International Limited, a private limited company organized in the United Kingdom; Gary Ayckbourn, an individual; Mark James Ayckbourn, an individual; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>And Related Counterclaims. | Case No. 2:22-cv-02401-FMO<br><br>**ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANT AND COUNTERCLAIMANT WINGPOW INTERNATIONAL LIMITED**<br><br>*DEMAND FOR JURY TRIAL*<br><br>SAC filed: November 17, 2022<br><br>Hon. Fernando M. Olguin |

Defendant Wingpow International Limited ("WPIL" or "Defendant") hereby answers[1] the Second Amended Complaint ("SAC") of Plaintiff Line One Laboratories Inc. ("Plaintiff" or "LOL") as follows:

## THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Second Amended Complaint and therefore denies those allegations.

2. In response to Paragraph 2 of the Second Amended Complaint, Defendant states that WPIL is a private limited company organized under the laws of the United Kingdom with a registered office address in Witney, Oxfordshire, England. Defendant denies the remaining allegations in Paragraph 2 of the Second Amended Complaint.

3. In response to Paragraph 3 of the Second Amended Complaint, Defendant states that Gary Ayckbourn is a British citizen domiciled in the United Kingdom. Defendant denies the remaining allegations in Paragraph 3 of the Second Amended Complaint.

4. In response to Paragraph 4 of the Second Amended Complaint, Defendant states that Mark James Ayckbourn is a British citizen domiciled in the United Kingdom. Defendant denies the remaining allegations in Paragraph 4 of the Second Amended Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint and therefore denies those allegations.

6. In response to Paragraph 6 of the Second Amended Complaint, Defendant states that Gary Ayckbourn is a director and Secretary of WPIL. Defendant denies the remaining allegations in Paragraph 6 of the Second Amended Complaint.

---

[1] WPIL expressly does not abandon its already-pleaded First Amended Counterclaim [Dkt. No. 50] nor any of the claims asserted therein, all of which remain pending and all of which WPIL shall pursue at trial.

7. In response to Paragraph 7 of the Second Amended Complaint, Defendant states that Mark James Ayckbourn is a director of WPIL. Defendant denies the remaining allegations in Paragraph 7 of the Second Amended Complaint.

8. In response to Paragraph 8 of the Second Amended Complaint, Defendant admits that Gary Ayckbourn and Mark James Ayckbourn, among others, are principals of WPIL and contribute to business decisions made on WPIL's behalf. Defendant also admits and states that WPIL and LOL maintained a years-long business relationship until that relationship was unilaterally and wrongfully breached by LOL. Defendant denies the remaining allegations in Paragraph 8 of the Second Amended Complaint, including that WPIL is a predecessor-in-interest to LOL.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Second Amended Complaint and therefore denies those allegations.

10. Defendant states that the allegations in Paragraph 10 of the Second Amended Complaint are merely legal conclusions that do not necessitate a response. To the extent any response is necessary, Defendant denies the allegations in Paragraph 10 of the Second Amended Complaint.

11. Defendant states that the allegations in Paragraph 11 of the Second Amended Complaint are merely legal conclusions that do not necessitate a response. To the extent any response is necessary, Defendant denies the allegations in Paragraph 11 of the Second Amended Complaint.

12. Defendant states that the allegations in Paragraph 12 of the Second Amended Complaint are merely legal conclusions that do not necessitate a response. To the extent any response is necessary, Defendant denies the allegations in Paragraph 12 of the Second Amended Complaint.

13. Defendant states that the allegations in Paragraph 13 of the Second Amended Complaint are merely legal conclusions that do not necessitate a response. To

**WPIL ANSWER TO SECOND AMENDED COMPLAINT**

the extent any response is necessary, Defendant denies the allegations in Paragraph 13 of the Second Amended Complaint.

## JURISDICTION AND VENUE

14. Defendant admits the allegations in Paragraph 14 of the Second Amended Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Second Amended Complaint.

16. The allegations in Paragraph 16 of the Second Amended Complaint and subparagraphs (a) through (x) thereof are not directed toward WPIL and, thus, no response from WPIL is required. To the extent any response is required of WPIL, Defendant denies the allegations in Paragraph 16, including each and every allegation in subparagraphs (a) through (x).

17. Defendant denies the allegations in Paragraph 17 of the Second Amended Complaint.

## BACKGROUND FACTS

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Second Amended Complaint and therefore denies those allegations.

19. In response to the allegations in Paragraph 19 of the Second Amended Complaint, Defendant states as follows: Since 2006, WPIL, in conjunction with LOL, has been an international seller of sexual health products. WPIL is responsible for all administrative, design, marketing, and customer-facing aspects of the business, including maintaining accounts and bookkeeping with customers, negotiating contracts and trading terms, and resolving disputes. The parties' generally-established course of dealings is as follows: Upon receipt of a purchase order from a customer, WPIL sends the purchase order to LOL via its wholly-owned factory in China, which confirms receipt, orders the component parts, and prepares a manufacturing schedule. After WPIL confirms the manufacturing schedule with the customer, the factory begins the

manufacturing process.  Once production is complete, the factory prepares an invoice for the cost of manufacturing the goods including parts, labor, and overhead, and arranges shipment to the customer, usually at the customer's expense.  Upon shipment, the factory provides WPIL with a packing list and proof of delivery, LOL with the invoice for costs, and WPIL with a corresponding version of the same.  Around the same time, WPIL prepares an invoice to the customer for the amount of the factory's invoice plus an additional markup for overhead and profit in accordance with its contract with the customer (sometimes 30%, though sometimes a different amount).  LOL then prepares an invoice to WPIL for the amount of the factory's invoice plus 60% of the markup to the customer.  LOL's invoice contains payment terms generally requiring payment within 60-to-90 days, though LOL accepted payment thereafter in instances when WPIL had not received timely payment from the customer and on other occasions based on the parties' agreements.  This course of dealing between the parties had been in place for over *fifteen years* as a mechanism for WPIL and LOL to split the earnings from the manufacture and sale of goods of the enterprise until LOL and its principal and related entities breached that course of dealings in a variety of ways, including by instructing the factory to refuse to fulfill purchase orders from WPIL and to deal directly with WPIL's customers, cutting WPIL out of the business altogether.  Defendant denies all allegations in Paragraph 19 of the Second Amended Complaint that are inconsistent with the foregoing.

20.     In response to Paragraph 20 of the Second Amended Complaint, Defendant incorporates by reference its response to Paragraph 19 of the Second Amended Complaint and denies all allegations inconsistent therewith.

21.     In response to Paragraph 21 of the Second Amended Complaint, Defendant incorporates by reference its response to Paragraph 19 of the Second Amended Complaint and denies all allegations inconsistent therewith.

22. In response to Paragraph 22 of the Second Amended Complaint, Defendant incorporates by reference its response to Paragraph 19 of the Second Amended Complaint and denies all allegations inconsistent therewith.

23. In response to Paragraph 23 of the Second Amended Complaint, Defendant incorporates by reference its response to Paragraph 19 of the Second Amended Complaint and adds that the parties agreed certain customers would pay LOL directly, and LOL would be required to pay WPIL 40% of the agreed-upon markup. WPIL is without sufficient knowledge and information to form a belief as to any payments between LOL and the factory and denies any remaining allegations in Paragraph 23 of the Second Amended Complaint.

24. In response to Paragraph 24 of the Second Amended Complaint, Defendant states that in or around May 2021, LOL's principal Calvin Spencer Lee a/k/a Budiman Lee ("Lee") advised WPIL that he planned to close the factory because, due to supply chain issues, there was a shortage of certain manufacturing components. WPIL asked that LOL keep the factory running and—without any choice in the matter given that Lee otherwise would have shuttered the factory and destroyed WPIL's business—agreed to Lee's demand that it pay forty percent (40%) of "labour losses," as that term was used between the parties, for the duration of that shortage in order to keep the factory fully operational and the staff working and paid. However, LOL still reduced the working days at the factory and intermittently started and halted operations altogether as a means of exerting leverage over WPIL—frequently refusing to fulfill WPIL's purchase orders at all. Upon information and belief, neither LOL nor ZWEN was subjected to any liability for labor or product liability claims for the reasons described in this paragraph. WPIL denies any allegations that are inconsistent with the foregoing.

# FIRST CAUSE OF ACTION

### (Against All Defendants for Breach of Contract)

25. Defendant repeats its statements, admissions and denials for the allegations contained in Paragraphs 1 through 24 of the Second Amended Complaint, inclusive, and incorporates the same herein.

26. In response to Paragraph 26 of the Second Amended Complaint, Defendant incorporates by reference its response to Paragraph 19 of the Second Amended Complaint and denies all allegations inconsistent therewith.

27. Defendant denies the allegations in Paragraph 27 of the Second Amended Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Second Amended Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Second Amended Complaint.

30. In response to the allegations in Paragraph 30 of the Second Amended Complaint, Defendant states that well prior to April 5, 2022, LOL had repeatedly directed the factory to hold and to not fulfill purchase orders provided by WPIL's customers, while simultaneously threatening to shut the factory down in its entirety. LOL had also demanded, in connection with the parties' failed buyout arrangement, that WPIL transfer customer payments directly to LOL and have the Ayckbourns sign as personal guarantors on outstanding debts. Immediately before the parties' relationship, LOL also demanded that WPIL cancel its purchase orders with customers and have the customers reissue those orders directly to LOL, which would have effectively cut WPIL out of the business. In light of the foregoing, WPIL reasonably requested that LOL provide assurances that it intended to cure its prior breaches by directing the factory to fulfill purchase orders dating back to the fall of 2021—which LOL refused. Defendant denies all allegations in Paragraph 30 of the Second Amended Complaint that are inconsistent with the foregoing.

31. Defendant denies the allegations in Paragraph 31 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION

**(Against All Defendants for Goods Sold and Delivered)**

32. Defendant repeats its statements, admissions and denials for the allegations contained in Paragraphs 1 through 31 of the Second Amended Complaint, inclusive, and incorporates the same herein.

33. Defendant denies the allegations in Paragraph 33 of the Second Amended Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Second Amended Complaint.

## THIRD CAUSE OF ACTION

**(Against WPIL, Gary Ayckbourn, and Mark Ayckbourn for Fraud)**

35. Defendant repeats its statements, admissions and denials for the allegations contained in Paragraphs 1 through 34 of the Second Amended Complaint, inclusive, and incorporates the same herein.

36. In response to Paragraph 36 of the Second Amended Complaint, Defendant admits that, in or around January or February 2021, Gary Ayckbourn and Lee communicated several times via Skype and through email about the purported shortage of microchips and admits that, during those conversations, Lee stated that the price of microchips had increased and asked Gary Ayckbourn to increase the sale prices of OEM goods. Defendant denies the remaining allegations of Paragraph 36.

37. In response to Paragraph 37 of the Second Amended Complaint, Defendant admits that, at one point, Lee suggested that the factory should work fewer days per week. Defendant denies the remaining allegations of Paragraph 37.

38. Defendant denies the allegations in Paragraph 38 of the Second Amended Complaint.

39. In response to Paragraph 39 of the Second Amended Complaint, Defendant incorporates by reference its response to Paragraph 24 of the Second Amended Complaint and denies all allegations inconsistent therewith.

40. In response to Paragraph 40 of the Second Amended Complaint, Defendant incorporates by reference its response to Paragraph 24 of the Second Amended Complaint and denies all allegations inconsistent therewith.

41. In response to Paragraph 41 of the Second Amended Complaint, including subparagraphs (a) through (j), Defendant admits that Gary Ayckbourn and Lee corresponded by email repeatedly in 2021 and 2022. Defendant states that these emails speak for themselves and denies any allegations inconsistent with their contents.

42. In response to Paragraph 42 of the Second Amended Complaint, Defendant admits that Gary and Mark Ayckbourn, in their capacities as principals of WPIL, met with Lee in November 2021 and states the following. Although WPIL agreed to pay its portion of the labor losses for the months where factory production was limited and was able to pay, it did not do so when Lee demanded because (i) the parties contemplated payment of labor expenses as part of the proposed buyout of the factory, (ii) Lee's represented figures for labor costs were contradictory and unsubstantiated, (iii) Lee demanded that WPIL pay for additional months of losses than the parties agreed, (iv) Lee continued to threaten to halt production in November 2021 and onward despite the parties' agreement, and (v) LOL had not prepared or sent any invoice for labor to WPIL. WPIL denies any allegations inconsistent with the foregoing.

43. Defendant denies the allegations in Paragraph 43 of the Second Amended Complaint.

44. In response to Paragraph 44 of the Second Amended Complaint, Defendant admits that Mark Ayckbourn was aware of the parties' agreement regarding labor expenses, incorporates its response to Paragraph 24 of the Second Amended Complaint, and denies any remaining allegations.

45. Defendant denies the allegations in Paragraph 45 of the Second Amended Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Second Amended Complaint.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Second Amended Complaint and therefore denies those allegations.

48. Defendant denies the allegations in Paragraph 48 of the Second Amended Complaint.

## FOURTH CAUSE OF ACTION

### (Against WPIL, Gary Ayckbourn, and Mark Ayckbourn for Negligent Misrepresentation)

49. Defendant repeats its statements, admissions and denials for the allegations contained in Paragraphs 1 through 48 of the Second Amended Complaint, inclusive, and incorporates the same herein.

50. Defendant denies the allegations in Paragraph 50 of the Second Amended Complaint.

## FIFTH CAUSE OF ACTION

### (Against All Defendants for Conversion)

51. Defendant repeats its statements, admissions and denials for the allegations contained in Paragraphs 1 through 50 of the Second Amended Complaint, inclusive, and incorporates the same herein.

52. Because the Court has dismissed LOL's Fifth Cause of Action with prejudice, no response to Paragraph 52 is required.

53. Because the Court has dismissed LOL's Fifth Cause of Action with prejudice, no response to Paragraph 53 is required.

54. Because the Court has dismissed LOL's Fifth Cause of Action with prejudice, no response to Paragraph 54 is required.

55. Because the Court has dismissed LOL's Fifth Cause of Action with prejudice, no response to Paragraph 55 is required.

56. Because the Court has dismissed LOL's Fifth Cause of Action with prejudice, no response to Paragraph 56 is required.

## SIXTH CAUSE OF ACTION

**(Against All Defendants for Breach of Fiduciary Duty)**

57. Defendant repeats its statements, admissions and denials for the allegations contained in Paragraphs 1 through 56 of the Second Amended Complaint, inclusive, and incorporates the same herein.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant denies the allegations of Paragraph 60 and responds to the allegations in its subparts as follows:

    (i) Denied;

    (ii) Denied;

    (iii) Because the Court has dismissed this allegation with prejudice, no response is required;

    (iv) Because the Court has dismissed this allegation with prejudice, no response is required;

    (v) Because the Court has dismissed this allegation with prejudice, no response is required;

    (vi) Because the Court has dismissed this allegation with prejudice, no response is required.

    (vii) Defendant admits that WPIL mistakenly and innocently represented to Lee in March 2022 that approximately $68,000 of invoices had been paid, but mistakenly failed to process the payment through its bank, and denies any remaining allegations.

61. Defendant denies the allegations in Paragraph 61 of the Second Amended Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Second Amended Complaint.

## SEVENTH CAUSE OF ACTION

**(Against All Defendants Violations of California Penal Code Section 496)**

63. Defendant repeats its statements, admissions and denials for the allegations contained in Paragraphs 1 through 62 of the Second Amended Complaint, inclusive, and incorporates the same herein.

64. Because the Court has dismissed LOL's Seventh Cause of Action with prejudice, no response to Paragraph 64 is required.

65. Because the Court has dismissed LOL's Seventh Cause of Action with prejudice, no response to Paragraph 65 is required.

66. Because the Court has dismissed LOL's Seventh Cause of Action with prejudice, no response to Paragraph 66 is required.

## EIGHTH CAUSE OF ACTION

**(Against All Defendants for Imposition of a Constructive Trust)**

67. Defendant repeats its statements, admissions and denials for the allegations contained in Paragraphs 1 through 66 of the Second Amended Complaint, inclusive, and incorporates the same herein.

68. Defendant denies the allegations of Paragraph 68 of the Second Amended Complaint.

69. Defendant denies the allegations of Paragraph 69 of the Second Amended Complaint.

Defendant denies any and all allegations not specifically addressed herein and denies LOL is entitled to any relief in this matter, including the relief sought in the Second Amended Complaint.

# AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with LOL, Defendant alleges the following affirmative and other defenses:

### First Affirmative Defense

LOL's Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a claim for relief.

### Second Affirmative Defense

LOL's claims are barred, in whole or in part, because Defendant has acted in good faith at all times.

### Third Affirmative Defense

LOL has failed to take reasonable steps to reduce or minimize the damages sought to be recovered in this case.

### Fourth Affirmative Defense

LOL owes money to Defendant and/or has been paid its alleged debts directly by WPIL's customers and, and as a result, any debts allegedly owed by Defendant to LOL are offset by such sums.

### Fifth Affirmative Defense

LOL's claims are barred, in whole or in part, because LOL failed to comply with the terms of the parties' contract(s), implied contract(s), and/or established course of dealing.

### Sixth Affirmative Defense

LOL's claims are barred, in whole or in part, because Defendant substantially complied with all material requirements of the valid, enforceable contract(s) at issue.

### Seventh Affirmative Defense

Defendant alleges that LOL has suffered no losses or damages as a result of Defendant's alleged conduct, or any such losses or damages were *de minimis*.

Eighth Affirmative Defense

LOL's claims are barred, in whole or in part, under the equitable doctrines of waiver, estoppel, laches, or unclean hands.

Ninth Affirmative Defense

LOL's claims are barred, in whole or in part, because LOL itself breached the parties' contract(s) or committed anticipatory breach, or because LOL itself breached its fiduciary duty to Defendant, or because LOL failed to bring about a condition precedent to Defendant's performance, or because Defendant's performance was excused, frustrated or prevented by LOL's conduct.

Tenth Affirmative Defense

To the extent Defendant was negligent, which Defendant expressly denies, LOL's claims are barred in whole or in part, or LOL's recovery should be limited, under the doctrines of contributory and/or comparative negligence.

Eleventh Affirmative Defense

Defendant's alleged misrepresentations were not factual in nature and are therefore inactionable, or any alleged oral misrepresentations are contrary to the express terms of the parties' contract(s) and/or established course of dealing.

Twelfth Affirmative Defense

LOL's claims are barred by the applicable statute of limitations.

Thirteenth Affirmative Defense

Defendant's alleged agreements were procured by coercion, duress, and/or breach of fiduciary duty in that LOL knew that Defendant's business was dependent on its manufacturing relationship with LOL, and thus wrongfully threatened to close the factory if Defendant did not agree.

Fourteenth Affirmative Defense

Defendant's alleged agreements were procured by fraud in that LOL promised to maintain the operation of the factory in exchange for Defendant's alleged agreements, but upon information and belief, had no intent to keep that promise. Alternately, LOL

should be barred from enforcing the alleged agreements under the doctrine of promissory estoppel.

### Fifteenth Affirmative Defense

LOL's breach of fiduciary duty claim fails as a result of LOL's consent to and/or ratification of Defendant's alleged acts.

### Sixteenth Affirmative Defense

In the unlikely event that Defendant's claims are dismissed for failure to join an indispensable party (though Defendant disputes the same), LOL's claims should likewise be dismissed for failure to join an indispensable party.

### Seventeenth Affirmative Defense

LOL's claims are barred because it has been unjustly enriched at WPIL's expense by repudiating its business relationship with WPIL, representing to WPIL's customers that it was no longer affiliated with WPIL, and redirecting WPIL's prior contracts with customers and future business to LOL.

### Eighteenth Affirmative Defense

LOL's breach of contract claims are barred because they are substantively and procedurally unconscionable, as LOL has used its unilateral control over its wholly owned factory to obtain inequitable bargaining power over WPIL, extract additional monetary contributions, and force WPIL to consent oppressive business terms.

### Nineteenth Affirmative Defense

LOL's breach of contract claims fail for lack of consideration to the extent that LOL claims it is entitled to additional compensation for expenses outside the parties' established course of dealing, such as labor costs.

<u>Twentieth Affirmative Defense</u>

Defendant reserves the right to rely upon other such affirmative defenses as may be supported by the facts, to be determined by full and complete discovery, and to voluntarily withdraw any affirmative defenses.

Dated: September 26, 2023        WARGO FRENCH SINGER LLP

By: *s/ Jeff Williams*
DAVID M. PERNINI
JEFFREY N. WILLIAMS
BRANDON R. PARRISH

Attorneys for Defendant/Counterclaimant
Wingpow International Limited