UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-02401-RAO | Date: | March 21, 2025 |
| Title: | Line One Laboratories Inc. USA v. Wingpow International Limited et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER RE: EQUITABLE CLAIMS AND ALTER EGO**

    A jury trial commenced in this case on October 28, 2024, and on November 4, 2024, the jury returned with a verdict. Dkt. Nos. 227-232, 234, 236, 251. The following equitable claims and issues remain for the Court's determination: Plaintiff and Counterclaim Defendant Line One Laboratories, Inc. (USA)'s ("Line One") claim for constructive trust; Defendant and Counterclaimant Wingpow International Limited's ("Wingpow") claim for accounting; and Wingpow and Defendants and Counterclaimants Gary Ayckbourn and Mark Ayckbourn's (collectively, "Counterclaimants") request for a finding of alter ego liability. The parties have filed two sets of supplemental briefs. Dkt. No. 268 ("Line One Suppl. Br."); Dkt. No. 269 ("Wingpow Suppl. Br."); Dkt. No. 270 ("Pernini Decl. ISO Wingpow Suppl. Br."); Dkt. No. 291 ("Wingpow Further Suppl. Br."); Dkt. No. 292 ("Line One Further Suppl. Br."). The Court held a hearing by video on February 26, 2025, and took the matters under submission. Dkt. No. 298.

    For the reasons set forth below, the Court denies Line One's claim for a constructive trust and Wingpow's claim for an accounting. The Court also denies Counterclaimants' request for a finding of alter ego.

## I.  BACKGROUND[1]

    The operative pleadings are Line One's Second Amended Complaint ("SAC"), Dkt. No. 64, Wingpow's First Amended Counterclaim ("FACC"), Dkt. No. 50, Wingpow's Answer to the

---

[1] The Court incorporates by reference the background section in its February 28, 2025 Order on Counterdefendants' Rule 50 Motion. Dkt. No. 299.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-02401-RAO | Date: | March 21, 2025 |
| Title: | Line One Laboratories Inc. USA v. Wingpow International Limited et al. | | |

SAC, Dkt. No. 112, Line One, ALC, and Lee's (collectively, "Counterdefendants") Reply to the FACC and ALC and Lee's First Amended Counterclaim, Dkt. No. 52, Wingpow's Answer to First Amended Counterclaim in Reply, Dkt. No. 57, the Ayckbourns' Answer to the SAC and Counterclaim, Dkt. No. 113, and Counterdefendants' Reply to the Ayckbourns' Counterclaim, Dkt. No. 118.

In July 2024, the parties consented to proceed with the undersigned magistrate judge. Dkt. Nos. 208, 209. The Court held a final pretrial conference on October 7, 2024. Dkt. No. 219.

On October 22, 2024, the Court issued the pretrial conference order as proposed by the parties. Dkt. No. 223. That order set forth that "[t]he trial is to be a jury trial, except as to Line One's claim for imposition of a constructive trust and Wingpow International's counterclaim for accounting." *Id.* at 2.

The jury trial for this matter commenced on October 28, 2024. Dkt. No. 227. On the 6th day of trial, November 4, 2024, the jury reached a verdict. Dkt. Nos. 251, 252. The jury found that the relationship between Line One and Wingpow was a partnership. Jury Verdict at 1, Dkt. No. 251. The jury found that Wingpow was not liable with respect to Line One's claims based on goods shipped to customers and excess labor costs. *Id.* at 2-6. The jury found that Line One was liable on Wingpow's claims for debts and profit-share and devaluation of Wingpow's business. *Id.* at 7-12. The jury awarded $2.4 million in economic damages and $1 million in punitive damages on the claims for debts and profit share, to be paid by Lee. *Id.* at 8-9. The jury awarded $2 million in economic damages on the claims for devaluation of Wingpow's business, to be paid by Lee. *Id.* at 11. The jury also found that Zhuhai Wingpow Erotic & Novelty Manufacturing Co. ("ZWEN") was 100% at fault for the manufacturing defect in wands supplied to WOW Tech and that Counterdefendants should be responsible for that fault. *Id.* at 13. The jury also found for Counterclaimants on their claims for defamation. *Id.* at 14-37. The jury found that there should be no offset awarded to either side. *Id.* at 38.

Following the jury trial proceedings, the parties agreed to meet and confer on a schedule for briefing on post-trial matters, including the equitable issues. The Court adopted the parties' briefing schedule and directed supplemental briefing on the equitable issues. Dkt. No. 259.

At the December 13, 2024 hearing on Counterdefendants' Rule 50 Motion, the Court directed the parties to meet and confer on a briefing schedule for further supplemental briefing on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-02401-RAO | Date: | March 21, 2025 |
| Title: | Line One Laboratories Inc. USA v. Wingpow International Limited et al. | | |

the equitable issues. Dkt. No. 278. The Court subsequently set a deadline for those further supplemental briefs. Dkt. No. 279.

## II.    DISCUSSION

### A.    Constructive Trust

Line One argues that the Court should impose a constructive trust for Line One's share of the $1,300,000 Wingpow received from customers during the period from March 7, 2022 and the end of 2023. Line One Suppl. Br. at 7.

The jury found Counterclaimants not liable on all of Plaintiff's claims. Jury Verdict at 3-6, Dkt. No. 251. The jury found that Wingpow was not liable for failing to pay Line One for goods manufactured or delivered to customers, or for receiving money intended to be used for Line One's benefit and failing to give that money to Line One. *Id.* at 3-4. Additionally, the jury was asked to answer a question regarding "Offset." *Id.* at 38. The first part of the question asked, "If you found Line One liable to pay any damages to Wingpow International above, state the amount, if any, those damages should be offset by other monies owed not otherwise awarded as damages to Line One herein." *Id.* In response, the jury wrote in "$0." *Id.*

One of the elements of a constructive trust is the defendant's acquisition of the property by some wrongful act. *See Calistoga Civic Club v. City of Calistoga*, 143 Cal. App. 3d 111, 116 (Cal. Ct. App. 1983). The jury has already found that Wingpow does not owe Line One any money, including for money received from customers. Under these circumstances, the imposition of a constructive trust in Line One's favor would amount to a reversal or modification of the jury's verdict. Line One has not shown that equity supports a finding in its favor on this claim. *See Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016) ("[I]n a case where legal claims are tried by a jury and equitable claims are tried by a judge, and those claims are based on the same facts, the trial judge must follow the jury's implicit or explicit factual determinations in deciding the equitable claims." (internal punctuation omitted)). The Court denies Line One's request for imposition of a constructive trust.

### B.    Accounting

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-02401-RAO | Date: | March 21, 2025 |
| Title: | Line One Laboratories Inc. USA v. Wingpow International Limited et al. | | |

that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (Cal. Ct. App. 2009). "[A]n accounting action is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Sass v. Cohen*, 10 Cal. 5th 861, 869 (Cal. 2020) (internal quotation marks omitted). "An action for an accounting has been characterized as a means of discovery." *Id.* (internal quotation marks omitted). "The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, . . . is the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962). In order to maintain such a cause of action, "the plaintiff must be able to show that the accounts between the parties are of such a complicated nature that only a court of equity can satisfactorily unravel them." *Id.* (internal punctuation omitted). "The legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into . . . business records." *Id.* at 479.

Here, Wingpow had the opportunity in discovery to seek information it is requesting through an accounting. Although Wingpow points to obstacles in discovery, Wingpow could have sought an extension to the extent it believed it needed additional time to obtain relevant information. And Wingpow appears to concede that it was successful in obtaining discovery about partnership assets after moving to compel during discovery. Wingpow Further Suppl. Br. at 7-8. Additionally, Wingpow presented a damages expert at trial. Although Wingpow argues that it only sought damages for past harm and prospective economic relationships that were already set, nothing precluded it from requesting additional damages. A strategic decision not to seek certain forms of damages at trial does not mean Wingpow did not have an adequate remedy at law.

The Court also finds that there is a risk of double recovery if the Court were to order an accounting. Wingpow argues that the jury award was directed "purely at Lee's actions in terminating the partnership, filing this action, and defaming Counterclaimants afterward." Wingpow Further Suppl. Br. at 8. However, damages with respect to terminating the partnership overlap with the accounting that Wingpow is now seeking. The jury was asked about breach of fiduciary duties, whether Counterdefendants were liable for unilateral termination of the partnership without a proper wind-up, and to identify the economic damages. Jury Verdict at 10-11. The jury was also instructed that Wingpow was claiming economic damages for loss of value in its business, loss of goodwill, loss of profits and expected profits, and loss of prospective economic relationships in determining damages. Court's Final Jury Instructions at 53. Wingpow presented evidence regarding partnership assets such as the patents at issue, which the jury may have considered in determining the harm to Wingpow's business.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-02401-RAO | Date: | March 21, 2025 |
| Title: | Line One Laboratories Inc. USA v. Wingpow International Limited et al. | | |

The Court recognizes that accounting is an equitable remedy available for division of partnership assets. *See Siegel v. Warner Bros. Entertainment Inc.*, 581 F. Supp. 2d 1067, 1069-73 (C.D. Cal. 2008) (discussing equitable nature of accounting claim). And it does not appear disputed that the question of the existence of a partnership was properly before the jury. However, the Court has not found clear guidance in the caselaw on the resolution of an accounting claim after a jury has found that a partnership existed and determined damages on a claim for a breach of fiduciary duty on that basis. In other words, it is not merely the overlap of facts underlying the legal and equitable claims that concerns the Court. Rather, the Court's concern is focused on the possibility that the jury may have included in its damages award relief that Wingpow is now requesting as part of its equitable accounting claim. In light of the risk of double recovery, the Court denies Wingpow's claim for an accounting. *See Teutscher*, 835 F.3d at 954 (finding that in shaping equitable relief, "a district court must also avoid awarding a litigant double recovery for the same harm").

### C. Alter Ego

Counterclaimants request that the Court find that Counterdefendants are alter egos. Wingpow Suppl. Br. at 16.

Corporations are ordinarily regarded as separate and distinct from their stockholders, officers and directors. *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal.App.4th 523, 538 (Cal. Ct. App. 2000). The corporate veil may be pierced "where an abuse of the corporate privilege justifies holding the equitable ownership of a corporation liable for the actions of the corporation." *Id.* "Under the alter ego doctrine, . . . when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity." *Id.* Two conditions must be met to invoke the alter ego doctrine. *Id.* "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Id.*

Factors to be considered include commingling of funds and assets, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership, use of the same offices and employees, use of one as a mere shell or conduit for the affairs of the other, inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-02401-RAO | Date: | March 21, 2025 |
| Title: | Line One Laboratories Inc. USA v. Wingpow International Limited et al. | | |

identical directors and officers. *Id.* at 538-39. The "critical element" is whether "an inequitable result would have followed if the corporate separateness had been respected." *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1285 (Cal. Ct. App. 1994). "Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard." *Sonora*, 83 Cal. App. 4th at 539. "No one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine should be applied." *Id.* at 539. "Alter ego is an extreme remedy, sparingly used." *Id.*

Here, Counterclaimants request the corporate veil be pierced "in reverse so that a corporation may be held liable for the debts or conduct of a shareholder." *Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1518 (Cal. Ct. App. 2008). "Outside or third party reverse piercing occurs when a third party outsider seeks to reach corporate assets to satisfy claims against an individual shareholder." *Id.* California appellate courts have reached different conclusions on the availability of outsider reverse piercing. *Compare Postal Instant Press*, 162 Cal. App. 4th at 1518-24 (declining to accept outside reverse piercing of corporate veil because it would harm innocent shareholders and corporate creditors and would allow judgment creditors to bypass normal judgment collection procedures), *with Reliant Life Shares, LLC v. Cooper*, 90 Cal. App. 5th 14, 38 (Cal. Ct. App. 2023) (distinguishing *Postal Instant Press* where the entities were closely held and controlled by the individual who engaged in the wrongdoing). The Court finds that it need not determine whether outside reverse piercing is permitted because, even assuming it is, the Court would not find alter ego liability in this case.

The Court declines to find alter ego liability because the second prong of the alter ego doctrine is not met. Counterclaimants argue that piercing the corporate veil would prevent injustice and avoid Lee's efforts to shield his assets from liability. Wingpow Suppl. Br. at 18. However, Counterclaimants have not presented evidence that respecting the corporate separateness between Lee, Line One, and ALC specifically would result in an inequitable result. Even if the Court were to consider the newly presented evidence that Lee is dissipating his assets, Counterclaimants have not shown that Lee is transferring those assets to Line One or ALC to shield them from liability. Evidence at trial that Lee accepted business payments into his personal accounts may support traditional veil-piercing but does not support reverse veil-piercing. Additionally, the fact that Lee hired an asset protection firm is not evidence that Lee is undercapitalized or would be unable to pay the judgment. As to Wingpow's request for appointment of a special master to investigate any fraudulent steps Lee has taken to avoid collection, the Court finds that this would sidestep post-judgment procedures for execution and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-02401-RAO | Date: | March 21, 2025 |
| Title: | Line One Laboratories Inc. USA v. Wingpow International Limited et al. | | |

collection on judgments. Wingpow has not shown that Lee would be uncooperative during post-judgment discovery to warrant the appointment of a special master at this time. To the extent Lee has made fraudulent transfers of his assets to avoid payment on the anticipated judgment, Counterclaimants may address these through the applicable post-judgment procedures.

In sum, the Court declines to invoke the alter ego doctrine with respect to liability of Counterdefendants.

### D. Indemnity

The jury was asked to make a finding regarding contribution/indemnity for a manufacturing defect in products supplied to the customer WOW Tech. Jury Verdict at 13. However, there is no evidence that WOW Tech has brought a lawsuit against any party for the defects or that there has been a judgment or settlement in favor of WOW Tech. As noted by Line One, an equitable indemnity cause of action requires an actual monetary loss. *See Christian v. Cnty. of Los Angeles*, 176 Cal. App. 3d 466, 471 (Cal. Ct. App. 1986); *see also City of San Diego v. U.S. Gypsum Co.*, 30 Cal. App. 4th 575, 587 (Cal. Ct. App. 1994) ("Our Supreme Court has consistently ruled that a cause of action for indemnity does not accrue until the indemnitee suffers loss through payment of an adverse judgment or settlement.").

*Martin v. County of Los Angeles*, 51 Cal. App. 4th 688, 697-98 (Cal. Ct. App. 1996), cited by Counterclaimants, concluded that "a cause of action for equitable indemnity is a legal action seeking legal relief." There, the amount of damages to be apportioned among various parties was also part of the underlying wrongful death action. *See id.* at 692-93 (asking what percentage of plaintiffs' damages were due to actions or omissions of various parties). *Martin* does not support that a judgment on an equitable indemnity claim is permitted where there has not been an adverse judgment, settlement, or other actual monetary loss on the underlying claim, and Counterclaimants have not cited any other cases in support. The Court is not inclined to enter judgment in favor of Counterclaimants on their claim for equitable indemnity.

### IV. CONCLUSION

The Court denies Line One's claim for a constructive trust and Wingpow's claim for an accounting. The Court also denies Counterclaimants' request for a finding of alter ego. The Court directs Counterclaimants to file a proposed judgment consistent with this order and the Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-02401-RAO | Date: | March 21, 2025 |
| Title: | Line One Laboratories Inc. USA v. Wingpow International Limited et al. | | |

order on Counterdefendants' Rule 50 Motion by **March 28, 2025**.  Counterdefendants shall file any objections to the form of the proposed judgment by **April 4, 2025**.

**IT IS SO ORDERED.**

: 
Initials of Preparer     er