JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Line One Laboratories Inc. (USA), | Case No. 2:22-cv-2401-RAO |
| Plaintiff, | Hon. Rozella A. Oliver |
| v. | JUDGMENT |
| Wingpow International Limited, et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

1. The operative pleadings are: Line One Laboratories, Inc. (USA)'s ("Line One") Second Amended Complaint ("SAC") against Wingpow International Limited ("Wingpow"), Gary Ayckbourn, and Mark Ayckbourn (collectively, "Counterclaimants"), filed November 17, 2022 (ECF No. 64); Wingpow's Answer to the SAC, filed September 26, 2023 (ECF No. 112); Wingpow's First Amended Counterclaim ("FACC") against Line One, American Latex Corporation ("ALC"), and Calvin Spencer Lee a/k/a/ Budiman Lee ("Lee") (collectively, "Counterdefendants"), filed September 14, 2022 (ECF No. 50); Gary and Mark Ayckbourn's (collectively, the "Ayckbourns") Answer to the SAC and Counterclaim ("CCL") against Counterdefendants (ECF No. 113); Counterdefendants' Reply to the FACC and ALC and Lee's First Amended Counterclaim (ECF No. 52); Wingpow's Answer to First

Amended Counterclaim in Reply (ECF No. 57); and Counterdefendants' Reply to the CCL (ECF No. 118).

    2. Following the Court's September 12, 2023, Order on Wingpow and the Ayckbourns' Motion to Dismiss (ECF No. 108) and Line One's withdrawal of its negligent misrepresentation claim (ECF No. 223 at 4 n.1), the operative claims prior to trial were as follows.

    a. Line One's claims for: (1) breach of contract for failure to pay invoices for goods sold and delivered; (2) breach of contract arising out of failure to pay certain labor costs; (3) common count for money had and received and goods sold and delivered; (4) fraud based upon agreement to pay excess labor charges without intention to perform; (5) breach of fiduciary duty based upon retention of amounts received from customers for shipments of goods and their failure to pay invoices and labor shortages; and (6) imposition of constructive trust.  (ECF No. 64; ECF No. 223 at 4–5.)

    b. Wingpow's claims for: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) interference with contractual relations; (4) interference with prospective economic advantage; (5) breach of fiduciary duty; (6) accounting; (7) defamation; (8) receiving stolen property; and (9) contribution and/or indemnity.  (ECF No. 50; ECF No. 223 at 19.)

    c. The Ayckbourns' claims for defamation against Plaintiffs.  (ECF No. 113; ECF No. 223 at 19.)

    3. On October 28, 2024, trial began before a duly impaneled and sworn jury. The jury rendered a verdict on November 4, 2024, as to liability, compensatory damages, and punitive damages.  The verdict reached on November 4, 2024, which is incorporated by reference in this Judgment, was accepted by the Court and filed by the Clerk.  (ECF Nos. 251, 254.)

    4. On February 28, 2025, the Court issued its Order on Plaintiff and Counterdefendants' Rule 50 Motion.  (ECF No. 299.)  The Court granted the Rule 50

Motion on Counterclaimants' defamation claims against Line One and denied the Rule 50 Motion with respect to Counterclaimants' defamation claims against Lee.

5. On March 21, 2025, the Court issued its Order Re: Equitable Claims and Alter Ego. (ECF No. 300.) The Court denied Plaintiff Line One's claim for a constructive trust, denied Wingpow's claims for accounting and indemnity, and denied Wingpow's request for a finding of alter ego.

6. Pursuant to the jury verdict and the Court's Order on Rule 50 Motion issued on February 28, 2025, and its Order Re: Equitable Claims and Alter Ego on March 21, 2025, JUDGMENT is hereby entered in this matter as follows:

**Plaintiff's Claims**

(a) Judgment is hereby entered in favor of Defendants Wingpow, Gary Ayckbourn, and Mark Ayckbourn on the SAC.

(b) Plaintiff shall recover nothing by reason of the SAC.

**Wingpow's Counterclaims**

(a) Judgment is hereby entered in favor of Wingpow and against Line One, ALC, and Lee on its claims for breach of contract, breach of duty of good faith and fair dealing, interference with contractual relations, interference with prospective economic advantage, and breach of fiduciary duty.

(b) Wingpow shall have and recover from Lee compensatory damages in the amount of $4.4 million and punitive damages in the amount of $1 million in punitive damages with post-judgment interest thereon as provided by law.

(c) Judgment is hereby entered in favor of Wingpow and against Lee on its defamation claim against Lee.

(d) Wingpow shall have and recover from Lee damages in the amount of $500,000 with post-judgment interest thereon as provided by law.

(e) Judgment is hereby entered in favor of Line One and ALC on Wingpow's defamation claims against Line One and ALC.

(f) Judgment is hereby entered in favor of Counterdefendants and against

Wingpow under Cal. Penal Code § 496(a).  Wingpow shall recover nothing with respect to this claim.

(g) Judgment is hereby entered in favor of Counterdefendants and against Wingpow on Wingpow's claims for accounting and indemnity.

**Gary Ayckbourn's Counterclaim**

(a) Judgment is hereby entered in favor of Gary Ayckbourn and against Lee on his defamation claim against Lee.

(b) Gary Ayckbourn shall have and recover from Lee damages in the amount of $500,000 with post-judgment interest thereon as provided by law.

(c) Judgment is hereby entered in favor of Line One and ALC and against Gary Ayckbourn on Gary Ayckbourn's defamation claims against Line One and ALC.  Gary Ayckbourn shall recover nothing with respect to these claims.

**Mark Ayckbourn's Counterclaim**

(a) Judgment is hereby entered in favor of Mark Ayckbourn and against Lee on his defamation claim against Lee.

(b) Mark Ayckbourn shall have and recover from Lee damages in the amount of $500,000 with post-judgment interest thereon as provided by law.

(c) Judgment is hereby entered in favor of Line One and ALC and against Mark Ayckbourn on Mark Ayckbourn's defamation claims against Line One and ALC.  Mark Ayckbourn shall recover nothing with respect to these claims.

DATED:  4/18/2025

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE