DAVID M. PERNINI (admitted *pro hac vice*)
dpernini@wfslaw.com
JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wfslaw.com
BRANDON R. PARRISH (admitted *pro hac vice*)
bparrish@wfslaw.com
**WARGO, FRENCH & SINGER LLP**
515 S. Flower St., 18th Floor
Los Angeles, California 90071
Tel: (310) 853-6300
Fax: (310) 853-6333

Attorneys for Defendants and Counterclaimants Wingpow International Limited, Gary Ayckbourn, and Mark Ayckbourn

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| Line One Laboratories Inc. (USA), a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Wingpow International Limited, a private limited company organized in the United Kingdom; Gary Ayckbourn, an individual; Mark James Ayckbourn, an individual; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>And related counterclaims. | Case No. 2:22-cv-02401-RAO<br><br>**COUNTERCLAIMANTS' NOTICE OF MOTION AND MOTION FOR ORDER CHARGING MEMBERSHIP INTERESTS OF JUDGMENT DEBTOR IN LIMITED LIABILITY COMPANIES (AMERICAN LATEX, LLC & LINE ONE LABORATORIES, LLC); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Jeffrey N. Williams filed concurrently herewith]<br><br>Date: June 18, 2025<br>Time: 10:00am<br>Courtroom: 590<br><br>Hon. Rozella A. Oliver |

**MOTION FOR CHARGING ORDER**

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 18, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 590 before the Honorable Rozella A. Oliver, located at Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, California, 90012, Counterclaimants Wingpow International Limited, Gary Ayckbourn, and Mark Ayckbourn ("Counterclaimants" or "Judgment Creditors") will and hereby do move this Court for an Order charging the interests of Counterclaim Defendant Calvin Spencer Lee a/k/a Budiman Lee ("Lee" or "Judgment Debtor") in his limited liability companies with the unsatisfied portion of the Judgment entered in this action on April 18, 2025 (as of now, all of the Judgment is unsatisfied). To enforce said charging order, given Judgment Debtor's history of malice toward Counterclaimants, Counterclaimants also move for the appointment of a receiver over the companies, and/or in the alternative to require Judgment Debtor to produce relevant documents and devise and implement an auditing system relating to distributions from the companies.

This Motion is made pursuant to Rule 69 of the Federal Rules of Civil Procedure, California Code of Civil Procedure sections 708.310 and 708.320, and California Corporations Code section 17705.03 on the following grounds:

1. On April 18, 2025, Judgment was entered by this Court against Judgment Debtor and in favor of Judgment Creditors, in the principal sum of $6,900,000.00 (the "Judgment");

2. The daily rate at 3.97% per annum per 28 U.S.C. § 1961(a) on $6,900,000.00 is $750.49 per day;

3. Sixty-one (61) days have passed from April 18, 2025 through June 18, 2025;

4. Post-judgment interest as of June 18, 2025 is $45,779.89;

5. Costs of suit, as evidenced in Judgment Creditors' Application to the Clerk to Tax Costs (to which no party has objected within the time permitted by

      law), are $42,009.43;

6. The total sum now due and owing under the Judgment, as of June 18, 2025, is calculate as $6,987,789.32, which is inclusive of post-judgment interest and recoverable costs of suit;

7. Judgment Debtor has membership interests in American Latex, LLC f/k/a American Latex Corp. ("American Latex") [Delaware Filing No. 3956279] and Line One Laboratories, LLC f/k/a Line One Laboratories Inc. (USA) ("Line One") [Delaware Filing No. 3956300];

8. No effort has been made by Judgment Debtor to consensually satisfy the Judgment; and

9. The use of a charging order is the most efficient and economical means to enforce the Judgment given that Judgment Debtor has membership interests in two limited liability companies but has not paid any portion of the Judgment.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 12, 2025. It is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support, the accompanying Declaration of Jeffrey N. Williams and evidence attached thereto, all files and records of the Court in this matter, such matters of which this Court must or may take judicial notice, the arguments of counsel, and such other materials and arguments as the Court may otherwise properly consider in deciding this Motion.

Dated: May 21, 2025                  **WARGO, FRENCH & SINGER LLP**

                                            By:  */s/ Jeff Williams*
                                                  DAVID M. PERNINI
                                                  JEFFREY N. WILLIAMS
                                                  BRANDON R. PARRISH

                                      Attorneys for Defendants/Counterclaimants
                                      Wingpow International Ltd., Gary Ayckbourn, and Mark Ayckbourn

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

This is a post-judgment proceeding in which Judgment Debtor has been ordered to pay Counterclaimants the sum of $6,900,000.00, plus costs and post-judgment interest. Counterclaimants have repeatedly flagged Judgment Debtor's clear efforts to avoid the prospect of any collection on that debt, including by transferring real property out of his own name prior to trial and converting his corporations—parties to this case—to limited liability companies in other jurisdictions without any notice to the parties or the Court. The case is now firmly in collection proceedings, and Judgment Debtor elected not to file a bond to stay execution pending his post-judgment motions (and presumably an appeal). This does not indicate confidence in his legal arguments toward overturning the Judgment. Instead, it fully accords with the pattern of malicious conduct toward Counterclaimants that was demonstrated in significant detail at trial. In short, Judgment Debtor has chosen the path calculated to inflict maximum financial harm on Counterclaimants, forcing Counterclaimants to expend substantial time, effort and attorneys' fees collecting on the assets he has secreted away.

It is in this context that the current Motion arises. Because Judgment Debtor has evidenced no intent to pay his debt or post a bond pending his efforts to overturn the Judgment, his assets are subject to collection, including his membership interests in the very companies that were co-Counterclaim Defendants in this case: American Latex and Line One. A charging order is appropriate to avoid unjustly enriching Judgment Debtor and require American Latex and Line One to pay to Judgment Creditors any distributions that would otherwise be paid to Judgment Debtor. Additionally, given Judgment Debtor's history of malice toward Counterclaimants, the Court also should appoint a receiver over American Latex and Line One and/or require them to devise and implement an auditing system relating to distributions from the companies.

## II. Statement of Facts

Counterclaimants brought and proved to a jury claims that Judgment Debtor terminated the parties' partnership and sought to destroy everything Counterclaimants had worked to build over the course of fifteen-plus years in business. Counterclaimants presented evidence at trial—which the jury believed—that Judgment Debtor undertook these efforts maliciously and with intent to harm Counterclaimants. *See, e.g.,* Dkt. 269 at 2-6. Counterclaimants also showed that Judgment Debtor delayed these very proceedings in order to sap Counterclaimants of their will and finances, proving the maxim that "justice delayed is justice denied." *See id.*

The trial at which Judgment Debtor was found liable to Counterclaimants took place on October 28-November 1, 2024. Dkt. 260-64. In the months leading up to trial, however, Judgment Debtor engaged in a concerted effort to avoid being required to satisfy any portion of an anticipated judgment that he evidently (and correctly) suspected would be entered against him as a result of his malicious actions toward Counterclaimants. Counterclaimants have brought these efforts to light on numerous occasions and incorporate by reference their prior pleadings and argument reflecting the same. Briefly, those efforts include the following:

- Converting Line One and American Latex from California corporations to Delaware LLCs, with no notice to Counterclaimants or the Court, no supplementation of his required production of articles of incorporation and operating agreements as required under Rule 26(e), and a refusal to respond to Counterclaimants' request that he substitute the converted LLCs into the case prior to judgment. Dkt. 269 at 11.
- Retaining an "asset protection firm," BarthCalderon LLP, and fraudulently transferring three parcels of real property in California to newly-formed LLCs and trusts. Dkt. 269 at 11-12. Then, effectively admitting that he had perjured himself at trial by falsely testifying that he still owned these properties. Dkt. 289 at 3-5.

- Hiring bankruptcy counsel to call Counterclaimants' counsel and assert that Counterclaimants would likely have to wait for up to *two years* to see any payment on the jury verdict if they persisted in trying to collect everything they were owed (despite his admissions that he was a wealthy man). Dkt. 269 at 12-13.
- Making false statements to the USPTO to take full "ownership" of partnership intellectual property, and later refusing to correct applications and registrations that reflected inaccurate information about his ownership and contributions to said intellectual property. Dkt. 269 at 8-9.

On April 18, 2025, this Court entered Judgment in favor of Counterclaimants and against Judgment Debtor in the principal amount of $6,900,000.00. Williams Decl. ¶ 2, Ex. 1. The daily rate of interest on the principal amount, based on a 3.97% per annum rate per 28 U.S.C. § 1961(a), is $750.49. *Id*. at ¶ 4. Sixty-one (61) days will have passed from April 18, 2025 through June 18, 2025. *Id*. Further, Counterclaimants' costs of suit, as evidenced in the Application to the Clerk to Tax Costs (to which no party has objected within the time permitted by law), are $42,009.43. *Id.; see also* Dkt. 304. The total sum due to Counterclaimants, as of June 18, 2025, is thus calculated as $6,987,789.32 inclusive of post-judgment interest and recoverable costs. *Id*. Judgment Debtor has paid none of this amount. *Id*. at ¶ 3. Yet he owns substantial assets, including his 100% ownership interest in both American Latex and Line One, which are Delaware LLCs. *Id*. at ¶¶ 5-9, Exs. 2-3.

In sum, it has now been over three years since Judgment Debtor destroyed Counterclaimants' business in April 2022, and he has yet to account for his actions by so much as a single penny. Rather than post a bond to secure the Judgment while he appeals it, he would rather force Counterclaimants to expend more time, effort and attorneys' fees collecting in the face of his efforts to hide assets. Among the most easily accessible assets are his membership interests in American Latex and Line One, which are available to potentially satisfy some portion of the Judgment. For these reasons,

and those explained below, the Court should enter a charging order and appoint a receiver to protect Counterclaimants against further malfeasance.

### III. Argument

Membership interests in a limited liability company are subject to the charging order procedure. The use of a charging order is the most efficient and economical manner to enforce the Judgment given that Judgment Debtor has membership interests in both American Latex and Line One Laboratories. Williams Decl. at ¶¶ 5-9, Ex. 3. As detailed below, a charging order should be issued.

### A. A Charging Order is the Appropriate Method to Reach a Judgment Debtor's Interest in a Limited Liability Company.

California state law governs the execution of a money judgment. "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69. Pursuant to California Code of Civil Procedure sections 680.010 *et seq.,* 708.310 and 708.320, and California Corporations Code section 17705.03, the Court therefore has the authority to issue an order charging the Judgment Debtor's membership interests in the limited liability companies for the unsatisfied portion of the Judgment.

Assets in a partnership or limited liability company are not automatically liable upon a money judgment rendered against a partner or member personally. Cal. Civ. Proc. Code § 699.720(a)(2). To reach a debtor's partnership or limited liability company interest, a judgment creditor must obtain a court order charging those interests with the amount of the judgment. Cal. Civ. Proc. Code § 708.310; *see also Evans v. Galardi*, 16 Cal. 3d 300, 310 (1976) ("[C]reditor of a limited partner may satisfy his claim from the debtor's partnership interest through the use of a so-called charging order."); *Crocker Nat. Bank v. Perroton*, 208 Cal. App. 3d 1, 6 (1989) ("Therefore, a judgment creditor must seek a charging order to reach the debtor partner's [or member's] interest in the partnership [or LLC].").

1 Specifically, section 708.310 provides:

> If a money judgment is rendered against a partner or member but not against the partnership or limited liability company, the judgment debtor's interest in the partnership or limited liability company may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Section 15907.03, 16504, or 17705.03 of the Corporations Code.

Cal. Code Civ. Proc. § 708.310; *see also* Cal. Code of Civ. Proc. § 708.320(a)(2) ("A lien on a judgment debtor's interest in a partnership or limited liability company is created by service of a notice of motion for a charging order on the judgment debtor and on either of the following . . . [a]ll members or the limited liability company."); *Choice Hotels Int'l, Inc. v. Penta Denver LLC*, No. C 13–80249 WHA, 2014 WL 458069, at *2 (N.D. Cal. Jan. 27, 2014).

Courts have interpreted the plain language of section 708.310 to only require a judgment creditor to show the existence of a judgment and a judgment debtor's interest in a limited liability company for the issuance of a charging order. *Fremont Bank v. Signorelli*, Case No. 18-cv-04808-HSG (DMR), 2023 WL 2505021, at *2 (N.D. Cal. Feb. 24, 2023); *see also Express Working Cap., LLC v. Starving Students, Inc.*, CV 17-0097-VAP (Ex), 2017 WL 10605963, at *2 (C.D. Cal. Mar. 1, 2017) (finding elements of section 708.310 satisfied where court was "presented with a certified judgment against" a judgment debtor and the moving party "presented uncontroverted evidence" of judgment debtor's interest in LLC).

Once the court enters the charging order, the limited liability company must pay the beneficiary of the order any monetary distribution that would have ordinarily gone to the judgment debtor. California Corporations Code section 17705.03(a) provides:

> On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the

5
**MOTION FOR CHARGING ORDER**

charging order was issued any distribution that would otherwise be paid to the judgment debtor.

Cal. Corp. Code § 17705.03(a); *see also Choice Hotels*, 2014 WL 458069, at *2. The court may also "appoint a receiver of the distributions subject to the charging order" and issue any "other orders necessary to give effect to the charging order." Cal. Corp. Code § 17705.03(b)(1)-(2). Appointment of a receiver is appropriate where there is an immediate threat that the property may be hidden, harmed, squandered or diminished in value. *N.Y. Life Ins. Co. v. Watt West Inv. Corp.*, 755 F. Supp. 287, 293 (E.D. Cal. 1991); *see also U.S. v. Alisal Water Corp.*, 326 F. Supp. 2d 1010, 1012 (N.D. Cal. 2002) (noting that appointment of a receiver is also appropriate where the court decides that the operator of an organization may be unwilling or incapable of acting in good faith toward compliance with a judgment).

As an example of "other orders necessary to give effect to the charging order," in *U.S. Fidelity & Guaranty Co. v. The Scott Cos., Inc.,* the court saw fit to order the judgment debtor to produce K-1 forms for the memberships at issue and ordered the parties to work out an auditing system until the judgment was satisfied. No. C-03-5376 SBA (EMC), 2008 WL 728874, at *2 (N.D. Cal. Mar. 17, 2008). These measures were intended to give the judgment creditor a means of determining whether the judgment debtor received distributions in violation of the charging order.

Here, Counterclaimants are required to obtain a court order charging the Judgment Debtor's interests in American Latex and Line One to satisfy the Judgment entered against Judgment Debtor. Judgment Creditors are entitled to a charging order as both requirements under Cal. Code of Civ. Proc. § 708.310 are satisfied. First, as explained above, Counterclaimants have a valid, enforceable Judgment against Judgment Debtor, as evidenced by the Judgment entered by this Court on April 18, 2025. Secondly, Judgment Debtor's own testimony establishes that he has interests in both American Latex and Line One. In fact, Judgment Debtor testified at trial to being

the 100% owner of both companies, thereby unequivocally establishing his interest in American Latex and Line One.

Counterclaimants also are entitled to appointment of a receiver to ensure compliance with the Court's charging order. Based on the substantial evidence of Judgment Debtor's malice toward Counterclaimants and his efforts to hide assets from collection, it appears likely that absent a receiver, Judgment Debtor will secret distributions from American Latex and Line One and/or will be unwilling to satisfy Counterclaimants' Judgment. The Judgment Debtor is the 100% owner of both American Latex and Line One and has made no attempt to satisfy the Judgment. American Latex and Line One therefore have an interest in minimizing, if not wholly eliminating, any distributions to Judgment Debtor, as the distributions would be paid to Counterclaimants. Furthermore, there are no other individuals in control or management of American Latex or Line One other than Judgment Debtor himself, so there is no reason to expect that the LLCs will do anything other than what is in Judgment Debtor's direct personal and financial interests. Accordingly, the appointment of a receiver in this matter is vital to give effect to the charging order and prevent unauthorized diversions of LLC assets.

In addition or in the alternative to the appointment of a receiver, Counterclaimants request that the Court order Judgment Debtor to produce all K-1 forms for his membership interests in American Latex and Line One along with all records of Judgment Debtor showing distributions received from American Latex and Line One, and require Judgment Debtor and Counterclaimants to devise and implement an auditing system until the Judgment has been completely satisfied.

**IV.   CONCLUSION**

For all the foregoing reasons, Counterclaimants respectfully request that this Court enter an Order charging the interests of Judgment Debtor in American Latex and Line One with the unsatisfied portion of the Judgment entered in this action, which as of June 18, 2025 is approximately $6,987,789.32. Counterclaimants also respectfully

request that the Court appoint a receiver over American Latex and Line One to give effect to the charging order, or in the alternative, to require Judgment Debtor to produce all K-1 forms, records of distributions, and devise and implement an auditing system to ensure compliance with the Court's charging order.

Dated: May 21, 2025          **WARGO, FRENCH & SINGER LLP**

By: */s/ Jeff Williams*
DAVID M. PERNINI
JEFFREY N. WILLIAMS
BRANDON R. PARRISH

Attorneys for Defendants/Counterclaimants Wingpow International Ltd., Gary Ayckbourn, and Mark Ayckbourn

---

**8**
**MOTION FOR CHARGING ORDER**