DAVID M. PERNINI (Admitted *pro hac vice*)
dpernini@wfslaw.com
JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wfslaw.com
BRANDON R. PARRISH (Admitted *pro hac vice*)
bparrish@wfslaw.com
WARGO, FRENCH & SINGER LLP
515 S. Flower St., 18th Floor
Los Angeles, California 90071
Telephone: 310.853.6300
Facsimile: 310.853.6333

Attorneys for Defendants and Counterclaimants Wingpow International Ltd., Gary Ayckbourn and Mark Ayckbourn

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Line One Laboratories Inc. (USA), a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Wingpow International Limited, a private limited company organized in the United Kingdom; Gary Ayckbourn, an individual; Mark James Ayckbourn, an individual; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>And related counterclaims. | Case No. 2:22-cv-02401-RAO<br><br>**COUNTERCLAIMANTS' EX PARTE APPLICATION TO AMEND BRIEFING SCHEDULE ON MOTION FOR NEW TRIAL**<br><br>[Declaration of Jeffrey N. Williams filed concurrently herewith; Proposed Order lodged concurrently herewith]<br><br>Hon. Rozella A. Oliver |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Counterclaimants Wingpow International Limited, Gary Ayckbourn, and Mark Ayckbourn ("Counterclaimants") hereby apply *ex parte* to amend the briefing schedule on the motion for new trial filed by Counterclaim Defendants Line One Laboratories LLC f/k/a Line One Laboratories Inc. (USA), American Latex LLC f/k/a American Latex Corp., and Calvin Spencer Lee a/k/a Budiman Lee ("Counterclaim Defendants"). Dkt. 306.

The instant Application is made on the ground that the undersigned counsel mistakenly calendared the opposition deadline on the motion for new trial at June 11, 2025 (the usual twenty-one days before the motion hearing) rather than May 27, 2025 (ten days after service of the motion). Counterclaimants should be permitted the opportunity to file an opposition to the motion for new trial notwithstanding counsel's good faith mistake.

Pursuant to Local Rule 7-19, Counterclaimants provided e-mail notice of the foregoing to all parties in this case on May 28, 2025, approximately twenty minutes after the filing of Counterclaim Defendants' notice of non-opposition (Dkt. 318). Williams Decl. ¶ 7, Ex. 1. Counterclaimants also attempted to reach Counterclaim Defendants by phone unsuccessfully. *Id.*

Counsel of record for Counterclaim Defendants include:

Christopher D. Beatty (SBN 266466)
chris.beatty@katten.com
Trevor Garmey (SBN 348234)
trevor.garmey@katten.com
KATTEN MUCHIN ROSENMAN LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
Telephone: +1.310.788.4400
Facsimile: +1.310.788.4471

| | |
|---|---|
| 1 | This Motion is supported by the attached Memorandum of Points and |
| 2 | Authorities; the concurrently-filed Declaration of Jeffrey N. Williams; and the |
| 3 | complete files and records in this action and such other matters as the Court may allow. |

Dated: May 28, 2025                    WARGO, FRENCH & SINGER LLP

By:  */s/ Jeff Williams*
     DAVID M. PERNINI
     JEFFREY N. WILLIAMS
     BRANDON R. PARRISH

Attorneys for Defendants and Counterclaimants Wingpow International Ltd., Gary Ayckbourn and Mark Ayckbourn

# MEMORANDUM OF POINTS AND AUTHORITIES

On November 4, 2024, a jury in this action issued a verdict of $8.4 million in favor of Counterclaimants and against Counterclaim Defendants. Dkt. 251. Substantial post-verdict litigation followed. Approximately five months after the verdict issued, on April 18, 2025, the Court issued a slightly-reduced judgment against Counterclaim Defendants in the amount of $6.9 million. Dkt. 303.

On May 16, 2025, Counterclaim Defendants filed three post-judgment motions: (i) a motion to amend the judgment (Dkt. 305); (ii) a motion for new trial (Dkt. 306); and (iii) a motion for judgment as a matter of law (Dkt. 307). Prior to filing, the parties conferred, and Counterclaimants advised Counterclaim Defendants that they intended to oppose all three motions. Counterclaim Defendants set all three motions for hearing on July 2, 2025. Williams Decl., ¶ 2.

Counterclaimants reviewed the three post-judgment motions and calendared an opposition deadline of June 11, 2025, twenty-one days before the hearing on July 2, 2025. Williams Decl., ¶ 3. This was the correct deadline for the motion to amend judgment and the motion for judgment as a matter of law, but was the incorrect deadline for the motion for new trial, which actually fell on May 27, 2025. *See* L.R. 7-9 (motion oppositions due "not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances"). Counterclaimants were not alerted to the mistake until reviewing Counterclaim Defendants' notice of non-opposition to the motion for new trial, which they filed May 28, 2025 at 3:32pm. Williams Decl., ¶ 4. Counterclaimants e-mailed Counterclaim Defendants twenty minutes later to request that Counterclaim Defendants stipulate to an amendment of the briefing schedule or extension of time for Counterclaimants to oppose the motion for new trial. Williams Decl., ¶ 5, Ex. 1. As of the time of this filing—and despite Counterclaim Defendants having only just filed the notice of non-opposition—Counterclaim Defendants have not responded. Williams Decl., ¶ 6.

Courts in this Circuit routinely provide relief from deadlines missed as a result of excusable neglect, and the Ninth Circuit has specifically disapproved of district court orders concluding that "a calendaring mistake is the type of 'inadvertent mistake' that is not entitled to relief pursuant to Rule 60(b)(1)." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010); *see also* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.").[1]  Indeed, in *Ahanchian*, the Ninth Circuit held that it was reversible error to deny a party's motion for an extension from a missed deadline, finding that: (i) the risk of prejudice to the non-moving party was low; (ii) the length of the resulting delay was relatively short; (iii) missing a deadline established by local rule constituted excusable neglect; and (iv) there was no indication that the moving party was motivated by bad faith.

Counterclaimants therefore respectfully request leave from the May 27, 2025 deadline to oppose the motion for a new trial, and for the briefing schedule to be amended so that the opposition deadline aligns with the opposition deadlines for the other two motions Counterclaim Defendants filed the same day: June 11, 2025.  As in *Ahanchian*, there is a low risk of prejudice to Counterclaim Defendants, who still would have their motion heard on its merits; the extension would not result in any delay of a hearing or other deadline but only move Counterclaimants' opposition a mere fifteen days into the future; the excusable neglect in this case resulted from the fact that counsel inadvertently did not take note that L.R. 7-9 treats new trial motions differently than all other motions; and there is no suggestion of bad faith by Counterclaimants.  To the contrary, Counterclaimants immediately sought to confer with Counterclaim

---

[1] While the Court has not yet entered any order in this case to which Rule 60 might apply, Counterclaimants prospectively seek relief from any such order via this Application, which only demonstrates Counterclaimants' diligence.

1 Defendants, but received no response despite that Counterclaim Defendants had filed
2 the notice of non-opposition only minutes earlier.
3     Counterclaimants therefore respectfully request that the Court amend the
4 briefing schedule to permit their opposition to the new trial on or by June 11, 2025.

6 Dated: May 28, 2025                WARGO, FRENCH & SINGER LLP

7                                    By:   */s/ Jeff Williams*
                                           DAVID M. PERNINI
8                                          JEFFREY N. WILLIAMS
                                           BRANDON R. PARRISH

10                                   Attorneys for Defendants/Counterclaimants
                                     Wingpow International Ltd., Gary Ayckbourn,
11                                   and Mark Ayckbourn