
Case 2:22-cv-02401-RAO   Document 319-1   Filed 05/28/25   Page 1 of 4   Page ID #:9954

David M. Pernini (Admitted Pro Hac Vice)
dpernini@wfslaw.com
Jeffrey N. Williams (SBN 274008)
jwilliams@wfslaw.com
Brandon R. Parrish (Admitted Pro Hac Vice)
bparrish@wfslaw.com
**WARGO, FRENCH & SINGER LLP**
515 S. Flower St., 18th Floor
Los Angeles, California 90071
Telephone: 310.853.6300
Facsimile: 310.853.6333

Attorneys for Defendants and Counterclaimants Wingpow International Limited, Gary Ayckbourn, and Mark Ayckbourn

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Line One Laboratories Inc. (USA), a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Wingpow International Limited, a private limited company organized in the United Kingdom; Gary Ayckbourn, an individual; Mark James Ayckbourn, an individual; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>And Related Counterclaims. | Case No. 2:22-cv-02401-RAO<br><br>**DECLARATION OF JEFFREY N. WILLIAMS IN SUPPORT OF COUNTERCLAIMANTS' EX PARTE APPLICATION TO AMEND BRIEFING SCHEDULE ON MOTION FOR NEW TRIAL** |

DECLARATION OF JEFFREY N. WILLIAMS

1    I, Jeffrey N. Williams, declare and state as follows:

2    1.    I am an attorney licensed to practice before the above-captioned Court, and I am a partner with the law firm of Wargo French and Singer LLP, counsel of record for Defendants/Counterclaimants Wingpow International Limited, Gary Ayckbourn, and Mark Ayckbourn ("Counterclaimants") in the instant proceeding. I make this declaration in support of Counterclaimants' concurrently-filed *Ex Parte* Application ("Application") to amend the briefing schedule on Counterclaim Defendants' motion for new trial, have knowledge of the facts in this declaration, and could and would competently testify thereto if called upon to do so.

3.    2.    On May 16, 2025, Counterclaim Defendants filed three post-judgment motions: (i) a motion to amend the judgment (Dkt. 305); (ii) a motion for new trial (Dkt. 306); and (iii) a motion for judgment as a matter of law (Dkt. 307). Prior to filing, the parties conferred, and Counterclaimants advised Counterclaim Defendants that they intended to oppose all three motions. Counterclaim Defendants set all three motions for hearing on July 2, 2025.

4.    3.    I reviewed the three post-judgment motions and calendared an opposition deadline of June 11, 2025, twenty-one days before the hearing on July 2, 2025. This was the correct deadline for the motion to amend judgment and the motion for judgment as a matter of law, but the incorrect deadline for the motion for new trial, which actually fell on May 27, 2025. *See* L.R. 7-9 (motion oppositions due "not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances"). I was unaware that L.R. 7-9 treated oppositions for new trial motions differently than all other types of motions, but this was a good-faith oversight on my part and was not intended to gain any sort of competitive advantage nor was it otherwise in bad faith.

5.    4.    I was not alerted to the mistake until reviewing Counterclaim Defendants' notice of non-opposition to the motion for new trial, which they filed

-1-

DECLARATION OF JEFFREY N. WILLIAMS

1 | May 28, 2025 at 3:32pm.

2 |     5.    I e-mailed Counterclaim Defendants approximately twenty minutes later to request that Counterclaim Defendants stipulate to an amendment of the briefing schedule or extension of time for Counterclaimants to oppose the motion for new trial. *See* Exhibit 1. I also thereafter placed a telephone call to counsel for Counterclaim Defendants but was unable to reach anyone.

    6.    As of the time of this filing—and despite Counterclaim Defendants having only just filed the notice of non-opposition minutes before my e-mail—Counterclaim Defendants have not responded.

    7.    At 3:53pm on May 28, 2025, I provided e-mail notice of the Application to all counsel in this case. *See* Exhibit 1.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed on this 28th day of May, 2025, at Los Angeles County, California.

                                          */s Jeff Williams*
                                          Jeffrey N. Williams

 **Outlook**

## Line One v. Wingpow, 2:22-cv-2401-RAO

| | |
|---|---|
| **From** | Williams, Jeffrey <jwilliams@wfslaw.com> |
| **Date** | Wed 5/28/2025 3:53 PM |
| **To** | Garmey, Trevor T. <trevor.garmey@katten.com>; Beatty, Christopher <chris.beatty@katten.com>; Brines, Ashley T. <ashley.brines@katten.com> |
| **Cc** | Pernini, David M. <dpernini@wfslaw.com>; Parrish, Brandon <bparrish@wfslaw.com> |

Counsel,

We received your filing of a notice of non-opposition to your new trial motion, e-filed moments ago at Doc. 318.  Your filing alerted us to our mistake in calendaring the deadline to respond to your various motions filed on May 16 and noticed for July 2--including the motion for new trial as well as the motions to amend the judgment and for judgment as a matter of law.  Specifically, we calendared the deadline for all three motions 21 days in advance of the hearing, rather than 21 days in advance of the hearing for the latter two motions and 10 days after service of the motion for the former.

We request that you stipulate to setting our opposition deadline for the new trial motion at June 11, 2025, 21 days before the hearing on the three motions.  This will align the briefing schedule for the three motions.  If you are unwilling to so stipulate, please consider this e-mail our notice of ex parte application seeking the same relief, pursuant to L.R. 7-19.  We intend to file that application this evening.

Thank you,

**Jeffrey N. Williams**

WARGO FRENCH SINGER

515 S. Flower St., 18th Floor

Los Angeles, CA 90071

310-853-6379 (direct)

jwilliams@wfslaw.com

www.wfslaw.com

The information in this message is intended for the addressee only and may contain privileged and confidential information.  If you are not the intended recipient, please immediately stop reading this message, delete it from your system and notify the sender at jwilliams@wfslaw.com that it has been deleted.  Any unauthorized reading, distribution, dissemination, copying, or other use of the information in this message is strictly prohibited.