Christopher Beatty (CA 266466)
chris.beatty@katten.com
Trevor T. Garmey (CA 348234)
trevor.garmey@katten.com
Ashley T. Brines (CA 322988)
ashley.brines@katten.com
KATTEN MUCHIN ROSENMAN LLP
2121 Avenue of the Stars
Suite 1100
Los Angeles, CA 90067-5010
Telephone:    +1.310.788.4400
Facsimile:    +1.310.788.4471

Attorneys for Plaintiff and Counterdefendant LINE ONE LABORATORIES, INC. (USA), a California corporation, and Counterclaim Defendants American Latex Corporation and Calvin Spencer Lee a/k/a Budiman Lee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Line One Laboratories Inc. (USA), a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>Wingpow International Limited, a private limited company organized in the United Kingdom; Gary Ayckbourn, an individual; Mark James Ayckbourn, an individual; and DOES 1-10, inclusive,<br><br>        Defendants.<br><br>————————————————<br><br>Wingpow International Limited, a United Kingdom private limited company,<br><br>        Counterclaimant, | Case No. 2:22-cv-02401-RAO<br><br>**PLAINTIFF/COUNTERCLAIM DEFENDANTS LINE ONE LABORATORIES, INC., AMERICAN LATEX CORP., AND CALVIN SPENCER LEE'S OPPOSITION TO MOTION FOR ORDER CHARGING MEMBERSHIP INTERESTS OF JUDGMENT DEBTOR IN LIMITED LIABILITIES COMPANIES** |

**PLAINTIFF/COUNTERCLAIM DEFENDANTS LINE ONE LABORATORIES, INC., AMERICAN LATEX CORP., AND CALVIN SPENCER LEE'S OPPOSITION TO MOTION FOR ORDER CHARGING MEMBERSHIP INTERESTS OF JUDGMENT DEBTOR IN LIMITED LIABILITIES COMPANIES**

v.                                          Hon. Rozella A. Oliver

Line One Laboratories Inc., a California
corporation; Wingpow Manufacturing LLC, a       Date: July 2, 2024
California limited liability company, American   Time: 10:00 a.m.
Latex Corp., a California corporation, Wing Pow
International Corporation, a California
Corporation; and Calvin Spencer Lee a/k/a
Budiman Lee, an individual,

                Counterclaim Defendants.

_____

American Latex Corp., a California corporation;
and Calvin Spencer Lee a/k/a Budiman Lee, an
individual,

                Counterclaimants,

                v.

Wingpow International Limited, a private limited
company organized in the United Kingdom.

                Counterclaim Defendant.

_____

**PLAINTIFF/COUNTERCLAIM DEFENDANTS LINE ONE LABORATORIES, INC.,
AMERICAN LATEX CORP., AND CALVIN SPENCER LEE'S OPPOSITION TO MOTION
FOR ORDER CHARGING MEMBERSHIP INTERESTS OF JUDGMENT DEBTOR IN
LIMITED LIABILITIES COMPANIES**

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Defendants, in their *Motion for Order Charging Membership Interests Of Judgment Debtor In Limited Liability Companies* (the "Motion"), seek a charging order that would assign responsibility to Plaintiff Line One Laboratories, Inc. ("Line One") and Counterclaim Defendant American Latex Corporation ("American Latex"), for a judgment that was awarded solely against Counterclaim Defendant Calvin Spencer "Budiman" Lee ("Mr. Lee").

The Motion is defective for three reasons. First, a charging order is unnecessary, because Mr. Lee has applied for a bond to stay execution of the judgment and is presently undertaking the final steps necessary to post the same.  Under Fed. R. Civ. P. 62(b), the posting of a bond automatically stays all proceedings to execute a judgment, including charging orders and other mechanisms of state law.  Second, due process and California law require Defendants to prove that a judgment debtor (in this case, Mr. Lee) has a valid present interest in the limited liability company, that is the subject of the charging order.  Defendants have not met their burden.  Nor can they, because all interests in American Latex and Line One are held by the Lee Family Trust, and not by Mr. Lee personally.  And finally, in seeking a charging order against American Latex and Line One, and the appointment of a receiver, Defendant Wingpow International

3

**PLAINTIFF/COUNTERCLAIM DEFENDANTS LINE ONE LABORATORIES, INC., AMERICAN LATEX CORP., AND CALVIN SPENCER LEE'S OPPOSITION TO MOTION FOR ORDER CHARGING MEMBERSHIP INTERESTS OF JUDGMENT DEBTOR IN LIMITED LIABILITIES COMPANIES**

Limited ("WPIL") and Counterclaim Plaintiffs Gary and Mark Ayckbourn (collectively, "Defendants") improperly seek to circumvent the Court's prior determination that Mr. Lee, Line One, and American Latex were not alter egos, and relitigate the Court's refusal to appoint a Special Master, to conduct an Accounting of the finances of Line One and American Latex.

## II.     ARGUMENT

### A.     MR. LEE HAS APPLIED FOR A BOND TO STAY EXECUTION, AND A CHARGING ORDER IS UNNECESSARY.

Since Defendants filed their Motion, Mr. Lee filed three robust post-trial motions for relief, and then applied for, and undertook significant efforts to obtain, a bond for the full amount of the judgment, that will stay execution. (*See* Decl. of Christopher Beatty, ("Beatty Declaration") at ¶2.) Mr. Lee applied for a bond reflecting the entire amount of the judgment at issue on May 21, 2025 and is presently completing the final steps necessary to secure said bond. *Id*.

Once posted and approved, the Bond will stay execution of the judgment, including state-law post-judgment procedures (like a charging order), pending resolution of the recently filed post-trial motions, and any appeal that is necessary. *See* Fed. R. Civ. P. 62(b) (approval of bond or "other security" by the Court stays execution); *also see* Fed. R. Civ. P. 69(a)(1) (authorizing federal courts to follow the

4

"procedure of the state" during the "execution" of a money judgment.)

## B. DEFENDANTS HAVE FAILED TO PRODUCE SUBSTANTIAL EVIDENCE SHOWING THAT MR. LEE IS A MEMBER OF LINE ONE AND AMERICAN LATEX.

As a matter of basic due process, and California law, Defendants are obligated to produce prove that Mr. Lee is a present member of the limited liability companies that would be subject to a charging order. *See Express Working Capital, LLC v. Starving Students*, Inc., No. CV 12-0097-VAP, 2017 WL 10605963, at *2 (C.D. Cal. Mar. 1, 2017) (charging order allowed only where there was "uncontroverted evidence" of money judgment and debtor's interest in third-party limited liability company.)

Here, Defendants rely on testimony from Mr. Lee, offered at trial, that he was the "100% owner" of American Latex and Line One.   (Motion, at 6:25-7:2.) But Defendants mischaracterize the testimony, which focused on the prior status of American Latex and Line One as California corporations.  (*See, e.g*., Tr. Transcr. at 770:6-10) (Testimony from Mr. Lee that corporate formalities were not necessary, because he was previously the "100 percent shareholder" of Line One and American Latex.)

There is no dispute that at one time, Mr. Lee was the sole shareholder of two California corporations (American Latex and Line One) that are party to this action.

**PLAINTIFF/COUNTERCLAIM DEFENDANTS LINE ONE LABORATORIES, INC.,
AMERICAN LATEX CORP., AND CALVIN SPENCER LEE'S OPPOSITION TO MOTION
FOR ORDER CHARGING MEMBERSHIP INTERESTS OF JUDGMENT DEBTOR IN
LIMITED LIABILITIES COMPANIES**

But as Defendants acknowledge, those entities **were converted** to Delaware limited liability companies, and Defendants offer **no evidence** showing that Lee maintains a present interest.  Because he does not.  In fact, Mr. Lee in 2024 transferred all interests in Line One and American Latex **to the Lee Family Trust**. (*See* Assignment of Membership Interest for Line One Laboratories, LLC, October 14, 2024, att'd as Ex. A to Beatty Decl., Assignment of Membership Interest for American Latex LLC, October 14, 2024, att'd as Ex. B. To Beatty Decl.)  Mr. Lee has no present economic interest in either business. (*Id*.)  Defendants have failed to even mention, much less attempt to notice or serve, the Lee Family Trust, which would be a necessary and indispensable party to any determination to charge its interests.

### C. THE MOTION AND REQUEST FOR APPOINTMENT OF A RECEIVER ARE IMPROPER ATTEMPTS TO RELITIGATE THE COURT'S FINDING ON ALTER EGO AND REFUSAL TO APPOINT A SPECIAL MASTER.

As an initial matter, the request for appointment of a receiver, which is premised on the charging order request, fails because there is insufficient evidence that Mr. Lee is a member of the LLCs and indeed uncontroverted evidence to the contrary.

Present throughout the Motion is a recurrent (and false) allegation that Mr. Lee has engaged in misconduct intended to avoid payment of the Judgment entered in favor of Defendants.  That allegation is the sole basis for the request by Defendants, that the

6

Court appoint a receiver to oversee the operations of two Delaware LLCs: Line One and American Latex.  Notably absent from these allegations is ***any evidence*** that Mr. Lee lacks the ability to personally satisfy the Judgment (which was only entered against him, personally.)

All of this comes down to an effort by Defendants to circumvent the prior finding by the Court, that Line One, American Latex, and Mr. Lee were not alter egos, and that the appointment of a Special Master to oversee the accounting and assets of Line One was improper.  ***Mr. Lee*** is the judgment debtor, not American Latex or Line One. The Court declined to pierce the corporate veil. And beyond ordinary estate planning efforts, which Mr. Lee has testified to by sworn declaration, Defendants proffer no evidence to suggest that Mr. Lee is not personally capable of, or likely to satisfy the Judgment entered.  The pending submission of a bond for the entire amount of the Judgment directly contradicts their position.  And as Defendants note in their Motion, appointment of a receiver is only appropriate if there is evidence that a judgment debtor is unwilling to act in good faith, and satisfy the amount owed.  (See Motion, at 6:9-12) (citing *U.S. v. Alistal Water Corp.*, 325 F. Supp. 2d 1010, 1012 (N.D. Cal. 2002).)

There is no such evidence here.  The record is replete with evidence of Mr. Lee's personal wealth and ability to satisfy the Judgment for $6.9 million and the pending

7

**PLAINTIFF/COUNTERCLAIM DEFENDANTS LINE ONE LABORATORIES, INC., AMERICAN LATEX CORP., AND CALVIN SPENCER LEE'S OPPOSITION TO MOTION FOR ORDER CHARGING MEMBERSHIP INTERESTS OF JUDGMENT DEBTOR IN LIMITED LIABILITIES COMPANIES**

submission of a bond will guarantee the same to Defendants, should they ultimately prevail.  By seeking the appointment of a receiver to administer Line One and American Latex, Defendants seek to end-run prior decisions of the Court, and ultimately to deprive these companies of their assets and potentially force them into bankruptcy.  That is plainly improper, would contravene the prior finding by the Court on alter ego, and is the exact reason why the Court declined the appoint a Special Master, in deciding equitable claims brought by the Defendants.

## III.    CONCLUSION

For the reasons stated above, the Court should DENY Defendants' *Motion for Order Charging Membership Interests Of Judgment Debtor In Limited Liability Companies*, and deny the incorporated request for appointment of a receiver.

Respectfully submitted,

Dated:  May 28, 2025                      **KATTEN MUCHIN ROSENMAN LLP**

By:  /s/ *Christopher D. Beatty*
Christopher D. Beatty

*Attorneys for Plaintiff and Counterdefendant Line One Laboratories Inc. (USA) and Counterclaim Defendants And Counterclaimants American Latex Corporation and Calvin Spencer Lee a/k/a Budiman Lee*

8

**PLAINTIFF/COUNTERCLAIM DEFENDANTS LINE ONE LABORATORIES, INC., AMERICAN LATEX CORP., AND CALVIN SPENCER LEE'S OPPOSITION TO MOTION FOR ORDER CHARGING MEMBERSHIP INTERESTS OF JUDGMENT DEBTOR IN LIMITED LIABILITIES COMPANIES**