DAVID M. PERNINI (*pro hac vice*)
dpernini@wfslaw.com
JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wfslaw.com
BRANDON R. PARRISH (*pro hac vice*)
bparrish@wfslaw.com
WARGO, FRENCH & SINGER LLP
515 S. Flower St., 18th Floor
Los Angeles, CA 90071
Tel: (310) 853-6300 | Fax: (310) 853-6333

Attorneys for Counterclaimants Wingpow International Limited, Gary Ayckbourn, and Mark Ayckbourn

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Line One Laboratories Inc. (USA), a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Wingpow International Limited, a private limited company organized in the United Kingdom; Gary Ayckbourn, an individual; Mark James Ayckbourn, an individual; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>And related counterclaims. | Case No. 2:22-cv-02401-RAO<br><br>**DISCOVERY MATTER**<br><br>**COUNTERCLAIMANTS' MOTION TO COMPEL RESPONSES TO FIRST SET OF POST-JUDGMENT REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Date: September 17, 2025<br>Time: 10:00 a.m.<br>Dept. 590<br><br>Hon. Rozella A. Oliver |

TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 17, 2025, at 10:00am in Courtroom 590 of the U.S. District Court for the Central District of California, 255 East Temple Street Los Angeles, CA 90012-3332, Counterclaimants Wingpow International Limited, Gary Ayckbourn, and Mark Ayckbourn ("Counterclaimants") shall move and hereby move to compel Counterdefendant/Judgment Debtor Calvin Spencer Lee a/k/a Budiman Lee ("Judgment Debtor" or "Lee") to produce documents responsive to Counterclaimants' First Set of Post-Judgment Requests for Productions (the "RFPs").

This Motion is brought pursuant to Fed. R. Civ. P. 37 (failure to make disclosures or to cooperate in discovery; sanctions) and 69(a)(2) (post-judgment discovery); as well as L.R. 37-2.4 (failure to file joint stipulation) and 37-4 (cooperation of counsel-sanctions). It is necessitated by Lee's intransigent, bad faith and dilatory conduct in responding to post-judgment discovery. In short, Lee's responses were due on June 2, 2025, but Lee refused to produce a *single* document, hiding behind baseless and boilerplate objections that he has never explained or justified in response to Counterclaimants' efforts to meet and confer. He did not even produce any documents after the Court ruled against him at an informal discovery conference. Then, when Counterdefendants served him with a joint stipulation in support of a motion to compel, he refused to return his portions as required. Instead he served supplemental responses stating that subject to his various boilerplate objections, he "will produce" documents "that can be located after a diligent search and reasonable inquiry." As of the date of this filing, nearly an entire week later, Lee still has not produced a single document.

Counterclaimants have already conferred on all of Lee's boilerplate objections, and there is no good faith basis for his continued refusal to produce documents in response to the RFPs. Counterclaimants are now forced to file this Motion and request the Court order Lee to immediately produce all responsive documents to the RFPs. Counterclaimants also request an award of their attorneys' fees and costs incurred in

forcing Lee to comply with his discovery obligations, including because he has failed to cooperate with this Court's required procedures for motions to compel. L.R. 37-4.

This Motion is filed following the service of a L.R. 37-1 letter and a meet-and-confer discussion via videoconference but is submitted without a joint stipulation because Lee "failed to provide the opposing party's portion of the joint stipulation in a timely manner under L.R. 37-2.2." L.R. 37-2.4; *see* Supplemental Declaration of Jeffrey N. Williams ("Suppl. Williams Decl."), ¶ 22. The Motion is based upon this Notice of Motion and attached Memorandum of Points and Authorities, the previously-filed Declaration of Jeffrey N. Williams and attached documents (Dkt. 362), the concurrently-filed Supplemental Declaration of Jeffrey N. Williams, the complete files and records in this action, and such other matters as the Court may allow.

Dated: August 15, 2025　　　　　WARGO, FRENCH & SINGER LLP

　　　　　　　　　　　　　　　　By:　*/s Jeff Williams*
　　　　　　　　　　　　　　　　　　JEFFREY N. WILLIAMS
　　　　　　　　　　　　　　　　　　DAVID M. PERNINI
　　　　　　　　　　　　　　　　　　BRANDON R. PARRISH

　　　　　　　　　　　　　　　　Attorneys for Counterclaimants Wingpow International Ltd., Gary Ayckbourn, and Mark Ayckbourn

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i
MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1
I.   INTRODUCTION ............................................................................................ 1
II.  BACKGROUND .............................................................................................. 2
III. ARGUMENT .................................................................................................... 4
   1. Lee Must Immediately Produce All Responsive Documents. ..................... 4
      a. The RFPs seek discoverable information about Lee's assets. .............. 5
      b. Lee's reincorporation of prior boilerplate objections is improper. ...... 6
      c. Lee's Supplemental Responses are deficient. ...................................... 7
   2. The Court Should Award Counterclaimants Fees and Costs and Sanctions. ... 7
IV.  CONCLUSION ................................................................................................ 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For more than three months, Counterclaimants have attempted in vain to obtain documents from Lee that would identify and describe his assets that may be available for execution in connection with the $6.9 million Judgment entered against him. Over this time frame, Counterclaimants served the RFPs; Lee refused to produce documents; Counterclaimants served a L.R. 37-1 letter; the parties conferred; the Court overruled Lee's prematurity objection; Counterclaimants followed up to demand the documents; Lee continued to refuse; Counterclaimants served a joint stipulation in support of a motion to compel; and Lee failed to return his portions of the joint stipulation. Lee has turned post-judgment discovery into a wild-goose chase, which has necessitated the instant motion along with the recently filed Motion to Compel Responses to First Set of Post-Judgment Interrogatories. Dkt. 361.

Somehow, however, Lee has managed to provide even less information in response to the RFPs than the Interrogatories. As explained in the sister motion, Lee's responses to the Interrogatories were woefully incomplete and clearly designed to only provide Counterclaimants with information they already knew. *See id.* But Lee's document production is not just *incomplete*, it is *nonexistent*. There is no excuse for his failure to comply with his discovery obligations, particularly considering that his counsel sent an e-mail indicating they had documents in-hand *more than two weeks ago*. His continued reliance on boilerplate objections to obscure his responses along with his continued suggestions that he "will produce" documents "that can be located after a diligent search and reasonable inquiry" are no more than stonewalling. Lee has had every reasonable opportunity to produce documents and failed to do so.

Thus, given Lee's intransigence and blatant violation of this Court's local rules governing discovery disputes, Counterclaimants ask the Court to immediately compel Lee to produce all documents responsive to the RFPs *without* narrowing his production based in any way on the boilerplate objections asserted in his responses and addressed

in the joint stipulation.  Counterclaimants also ask that the Court award their fees and costs and/or impose sanctions as appropiate.

## II. <u>BACKGROUND</u>

Counterclaimants summarized the relevant background in their Motion to Compel Responses to First Set of Post-Judgment Interrogatories and incorporate that background by reference here.  Dkt. 361 at 2–3.

Briefly, however, Counterclaimants served Lee with the RFPs on May 1, 2025.  Dkt. 362-2.  On June 2, Lee served Responses to the RFPs.  Dkt. 362-4.  Because the Responses did not identify any documents responsive to the RFPs and were filled only with ineffective boilerplate paragraphs of objections alongside a vague commitment to meet and confer at an indefinite time in the future, Counterclaimants served a deficiency letter pursuant to L.R. 37-1 pointing out, among other things, that such objections were "tantamount to not making any objection at all."  Dkt. 362-5, *citing Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14-CV-1844-BTM, 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016).  On June 11, the parties met and conferred.  Lee provided no substantive explanation for his boilerplate objections and ultimately contended that his refusal to provide any responses or documents was based on a singular objection: that he was "presently obtaining a bond."  Dkt. 362 at ¶ 6.  The Court overruled that objection, Dkt. 347, and Counterclaimants requested that Lee supplement his responses produce all responsive documents (with privilege log, if applicable) by July 9.  Dkt. 362-6.  Lee did not respond.  Dkt. 362 at ¶ 10.

Instead, more than two weeks later on July 28, Lee's counsel stated that they had "received a production from our client" and suggested the parties again meet and confer with respect to the RFPs.  Dkt. 362-9.  Counterclaimants offered several times to confer.  *Id.*  Lee's counsel then reversed course, stating on August 1 that "after reviewing the volume of documents" they no longer needed to meet and confer.  *Id.*  On the same date, because Counterclaimants were separately moving to compel on the Interrogatories, Lee served amended Interrogatory responses (which, again, are the

**MOTION TO COMPEL RFP RESPONSES**

subject of the sister motion to compel because they are woefully incomplete and insufficient). Dkt. 362-10. Among other things, the amended Interrogatory responses identified at least 26 documents—including tax returns and corporate and trust formation documents—that would also be responsive to the RFPs. *Id.* at 34–36. Nevertheless, Lee *still* did not amend his RFP responses or produce any documents. Dkt. 362 at ¶ 19.

Thus, on August 4, Counterclaimants served a joint stipulation in support of a motion to compel ("Joint Stipulation"). Dkt. 362 at ¶ 18; Suppl. Williams Decl., Ex. K. By local rule, Lee's responsive portions of the Joint Stipulation were due one week later on August 11. Lee, however, intentionally failed to respond and provide his portions as required. *Id.*, ¶ 22. Instead—just as he had done with the Interrogatories—Lee unilaterally determined that he would instead serve "supplemental" RFP responses at the very last minute (the "Supplemental Responses"). *Id.*, Ex. L.

As explained below, the Supplemental Responses do nothing to cure the deficiencies in the original Responses. The Supplemental Responses continue to rely on the very boilerplate objections refuted in the Joint Stipulation, and moreover, continue to assert that production will be forthcoming at some unspecified point in time "after a diligent search and reasonable inquiry." Indeed, Lee provides the exact same supplemental response for every RFP, *i.e.*:

> Plaintiff incorporates by reference his Preliminary Statement, General Objections, Objections to Definitions, and prior response and specific objections as though stated fully herein.
>
> Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and prior response and specific objections, Plaintiff responds as follows: Plaintiff will produce all non-privileged documents that are responsive to this Request, that can be located after a diligent search and reasonable inquiry.

*See id.*

As of the date of this filing—nearly a week after the production of the Supplemental Responses—Lee still has not produced a single document. *See id.* ¶ 24.

## III. ARGUMENT

Because Lee failed to return his portion of the Joint Stipulation, Counterclaimants submit this motion under Rule 6-1 and ask the Court compel Lee to produce all responsive documents to Counterclaimants' RFPs *without* relying on the boilerplate objections addressed in the Joint Stipulation. As set forth in the Joint Stipulation, Lee's original objections were vague and baseless. *See* Suppl. Williams Decl., Ex. K. Lee's Supplemental Responses continue to rely on these objections, as each response explicitly states that he "incorporates by reference his Preliminary Statement, General Objections, and Objections to Definitions, and prior response and specific objections as though stated fully herein" and then responds "[s]ubject to and without waiving the foregoing." *Id.*, Ex. L at 7–8. Yet Lee failed to respond to Counterclaimants' L.R. 37-1 letter pointing out the deficiencies in his objections and failed to provide his portions of the Joint Stipulation. Thus, even if these boilerplate objections were cognizable to begin with (they were not), Lee has waived them.

Moreover, each Supplemental Response states that "[Lee] will produce all non-privileged documents that are responsive to this Request, that can be located after a diligent search and reasonable inquiry." *Id*. This clearly is improper as Lee has not produced any documents or specified a reasonable time for the production to occur as required by Fed. R. Civ. P. 34(b)(2)(B). At this point, the RFPs are over three months old. There simply is no justification for Lee's continued delays, particularly because his counsel admitted to being in possession of relevant documents weeks ago.

Thus, the Court should grant this Motion for the reasons set forth in the unrebutted Joint Stipulation, order Lee to amend his RFP responses to remove all of his meritless and waived objections, order Lee to immediately produce all responsive documents without objection, and award fees/costs/sanctions as appropriate.

### 1. Lee Must Immediately Produce All Responsive Documents.

As set forth in the Joint Stipulation, there is no good faith dispute that the RFPs seek the production of documents permitted by the rules. Under Fed. R. Civ. P. 69,

post-judgment discovery "generally has two purposes: (1) to identify assets that can be used to satisfy a judgment and (2) to discovery concealed or fraudulently transferred assets."  *Ceinorius v. Franco*, 2020 WL 3487805, *1 (N.D. Cal. June 26, 2020) (quotations omitted); *see also* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3014 (3d ed.) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution.").  "The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  "A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery of the identity and location of any of the judgment debtor's assets, **wherever located**." *Ceinorius*, 2020 WL 3487805, *1 (alteration omitted) (emphasis added).  "Even though Rule 69 discovery may resemble the proverbial fishing expedition, 'a judgment creditor is *entitled* to fish for assets of the judgment debtor.'"  *Textron Fin'l Corp. v. Gallegos*, 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016) (emphasis in original) (quoting *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *4 (N.D. Cal. Dec. 19, 2009)).

   a. *The RFPs seek discoverable information about Lee's assets.*

In compliance with the aforementioned post-judgment discovery parameters, Counterclaimants' RFPs are designed to discover documents relevant to Lee's assets and transfers thereof since the inception of this litigation.  Counterclaimants' need for such information is especially true in light of the extensive reorganization of virtually all of Lee's assets immediately before trial, which Counterclaimants have repeatedly shown. *See* Dkt. 274; Dkt. 320-1.

There is no reasonable dispute that these documents are discoverable and that, as a practical matter, Lee can produce them on demand.  In fact, Lee has readily filed these documents when necessary to serve his own interests—for instance, in opposing Counterclaimants' Motion for Order Charging Membership Interests of Judgment

Debtor in Limited Liability Companies. *See, e.g.,* Dkt. 230-2, 230-4. Within *one week* of that motion, Lee produced and filed documents purporting to show that he had assigned his interests in Counterdefendants Line One Laboratories LLC and American Latex LLC to a trust. *See id.* Lee should have produced these documents—and all related documents about his admitted asset transfers and corporate reorganizations—only three days later. Three months later, he still has not. In short, Lee will produce documents when needed to resist execution of the Judgment, but refuses to produce documents that might inform execution of the Judgment.

      b.     *Lee's reincorporation of prior boilerplate objections is improper.*

Lee also reincorporates prior boilerplate objections to the production of documents, despite having failed to ever justify them. The only purpose of doing so is to make a facial commitment to produce documents for present purposes, while at the same time: (i) obscuring whether or not any documents are actually being withheld on the basis of an objection; and (ii) providing an escape valve when his production is later determined to be incomplete or insufficient. This is clearly improper and the very tactic that led to the 2015 amendment of Rule 34 to require that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

In any event, the objections are meritless because they lack specificity and have never been explained. Generic objections are improper and amount to no objection at all. *See Herrera*, 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) ("Defendant has provided a catalogue of boilerplate objections, including noting that this request is vague, ambiguous, overbroad, duplicative, and seeks irrelevant information, but has failed to provide any explanation for its objections, the 'objections are inadequate and tantamount to not making any objection at all.'" (citation omitted)). By failing to object in the proper manner, Lee has waived any valid objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection *is* waived . . . ." (emphasis

added)); *Garza v. Cnty. of San Bernardino*, 2024 WL 5466707, at *5 n.3 (C.D. Cal. Sept. 16, 2024) ("Many courts have found that boilerplate objections, which by nature lack specificity, are deemed waived."). Even if not, Lee had multiple opportunities to explain his objections, both in meeting and conferring and by responding to the Joint Stipulation. Lee abjectly failed to do so. Thus, all of Lee's objections are waived.

    *c.*    *Lee's Supplemental Responses are deficient.*

Because the RFPs seek discoverable information and Lee's objections are meritless (and waived), he must produce all responsive documents. He is aware of this, obviously, as he has included a Supplemental Response to every RFP that he "will produce" responsive documents "after a diligent search and reasonable inquiry." Suppl. Williams Decl., Ex. L at 7-8.

But the production in response to a request for production must "be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B); *see also QC Labs v. Green Leaf Lab, LLC*, 2019 WL 6797250, at * 6 (C.D. Cal. July 19, 2019) (finding that response stating that documents will be produced, but giving no reasonable date as to when the production would occur, failed to comply with Rule 34). The Supplemental Responses clearly violate this rule. And again, it has been over three months since the RFPs were originally served. There is no reason, nor has Lee even attempted to provide a reason, why documents have not yet been produced.

Accordingly, this Court should compel Lee to immediately produce all documents responsive to the RFPs.

**2.  The Court Should Award Counterclaimants Fees and Costs and Sanctions.**

Pursuant to Fed. R. Civ. P. 37(a)(5) and L.R. 37-4, Counterclaimants request the Court award their fees and expenses incurred in forcing Lee to comply with his discovery obligations, including sanctions for his failure to return the Joint Stipulation

-7-
**MOTION TO COMPEL RFP RESPONSES**

or otherwise comply with the Court's required process for motions to compel. *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020).

At this point, there is no other conclusion to draw from Lee's conduct than he is knowingly and intentionally ignoring his discovery obligations.[1] He has been provided an excessive amount of notice that he must produce documents: through the original RFPs; the Court's order explicitly overruling his "premature" objection (*see* Dkt. 347); Counterclaimants' subsequent requests to produce documents; two (unreturned) joint stipulations; and finally, the sister motion to compel. A failure to provide a tangible deterrent for bad-faith conduct will only incentivize the exact same conduct in the future. Accordingly, the Court should issue sanctions and award Counterclaimants their fees and costs as appropriate.

## IV.  CONCLUSION

For the foregoing reasons, Counterclaimants request that the Court grant the Motion and provide the relief requested herein.

Dated:  August 15, 2025                    WARGO, FRENCH & SINGER LLP

                                           By:  */s Jeff Williams*
                                                JEFFREY N. WILLIAMS
                                                DAVID M. PERNINI
                                                BRANDON R. PARRISH

                                           Attorneys for Counterclaimants Wingpow International Ltd., Gary Ayckbourn, and Mark Ayckbourn

---

[1] After months of meeting and conferring, Counterclaimants were forced previously to file a myriad of discovery motions to seek basic factual information on the merits of the case. *See* Dkt. 76, 77, 78 (containing joint stipulations to compel answers to interrogatories, depositions, and the production of documents).